JOURNAL ENTRY AND OPINION
{¶ 1} The appellant, Willie Diamond, appeals the determination of the Cuyahoga County Court of Common Pleas, Criminal Division, which denied his motion for post-conviction relief/petition to vacate or set aside sentence. For the following reasons, the appellant's appeal is not well taken.
 {¶ 2} Diamond was originally indicted on four counts of robbery, in violation of R.C. 2911.02. He entered a plea of guilty to the indictment as charged and was sentenced accordingly. Thereafter, he filed a petition to vacate or set aside the sentence in which he alleged ineffective assistance of counsel. The lower court denied said motion stating that Diamond had failed to set forth corroborating facts showing a promise of community control sanctions or ineffective assistance of counsel since, at the time that he pleaded guilty, he was advised that the offenses carried a presumption of prison and at the time of his plea he admitted that no promises had been made to him.
 {¶ 3} Diamond presents three assignments of error for this court's review as follow:
 {¶ 4} "I. The trial court abused its discretion at sentence (sic) hearing and committed prejudicial reversible error, by denying defendant's post conviction on 4-25-02, to vacate and set aside the conviction of case no. 410346 in the Court of Common Pleas, Cuyahoga County, held on October 17, 2001."
 {¶ 5} "II. The trial court abused its discretion and committed prejudicial reversible error by not explaining to the defendant that there was no plea agreement between defense and the court. After the admittance of defense counsel that she had made a mistake and crossed out the part that said plea agreement, and without defendant's knowledge, and the judge's response, (Let's not get hung up on that) (sic) see page 11, line 3, left the defendant standing before the court after waivering his rights, without the protection of the due process clause of the 5th amendment."
 {¶ 6} "III. Defendant tends (sic) that the court abused its authority when its participation became a major influence in the plea agreement process, by changing a legal binding document, causing the signed document to take on an new meaning, that was not the original intent of that document at the time of signing the contract."
 {¶ 7} Having a common basis in both law and fact, the appellant's three assignments of error will be addressed together. He essentially argues that he was denied effective assistance of counsel during his plea hearing and that he was promised probation as part of his plea agreement; therefore, his petition for post-conviction relief and motion to vacate or set aside conviction should have been granted.
 {¶ 8} A post-conviction relief proceeding is a collateral civil attack on a criminal conviction. As such, a defendant's right to post-conviction relief is not a constitutional right, but is a right created by statute. Thus, a petitioner receives no more rights than those granted by the statute. State v. Calhoun (1999), 86 Ohio St.3d 279.
 {¶ 9} R.C. 2953.21(A) provides:
 {¶ 10} "Any person convicted of a criminal offense or adjudged delinquent claiming that there was such a denial or infringement of his rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, may file a petition at any time in the court which imposed sentence, stating the grounds for relief upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file such supporting affidavit and other documentary evidence as will support his claim for relief."
 {¶ 11} A trial court may dismiss a petition for post-conviction relief without first holding an evidentiary hearing. State ex rel.Jackson v. McMonagle (1993), 67 Ohio St.3d 450. The trial court may do so where it determines the petition, supporting affidavits, documentary evidence, files, and the record do not demonstrate that the petitioner set forth sufficient operative facts to establish substantive grounds for relief. Calhoun, supra, at paragraph two of the syllabus. A petition for post-conviction relief will be granted only where the denial or infringement of constitutional rights is so substantial as to render the judgment void or voidable. Relief is not available when the issue has been litigated by appeal or upon a motion for a new trial. State v.Walden (1984), 19 Ohio App.3d 141, 146. The claim must depend on factual allegations which cannot be determined by an examination of the files and records of the case. State v. Milanovich (1975), 42 Ohio St.2d 46, paragraph one of the syllabus. Constitutional issues which could have been raised on appeal but were not will be barred by res judicata. Statev. Perry (1967), 10 Ohio St.2d 175.
 {¶ 12} Appellant raised a claim of ineffective assistance of counsel because of counsel's alleged promises of probation in return for the appellant's guilty plea. The petitioner must submit evidentiary documents which contain sufficient operative facts to demonstrate that counsel was not competent and that the defense was prejudiced by the ineffectiveness. State v. Jackson (1980), 64 Ohio St.2d 107. If the petitioner fails to meet this burden, the trial court may dismiss the petition for post-conviction relief without a hearing. Id. The claim of ineffective assistance of counsel requires proof that "counsel's performance is proved to have fallen below an objective standard of reasonable representation" and, in addition, prejudice arises from counsel's performance. State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus. The establishment of prejudice requires proof "that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Id. at paragraph three of the syllabus. The burden is on the defendant to prove ineffectiveness of counsel. State v. Smith (1985),17 Ohio St.3d 98. Trial counsel is strongly presumed to have rendered adequate assistance. Id.
 {¶ 13} In addressing the appellant's main point of contention, that being counsel's alleged promises of probation, the record reflects that the appellant signed a standard plea agreement, which was also signed by counsel for the appellant, by the state and by the lower court judge. The plea agreement stated that the appellant would plead to the charges as indicted, that being four counts of robbery, felonies of the second degree. Additionally, the agreement stated that the appellant and the state had reached an agreement as to the sentence that they would request the court to impose. Specifically, the agreement stated that probation, psychiatric treatment and drug rehabilitation would be sought as a sentence in lieu of prison.
 {¶ 14} At the plea hearing, and in the presence of the appellant, the basis of the plea agreement was reiterated to the lower court. At that point, counsel for the appellant notified the court that she had inadvertently filled out the sentencing agreement section and that, in fact, a plea agreement as to sentence did not occur; therefore, she had crossed out that portion of the agreement and initialed the portions which she had struck from the agreement. These events occurred prior to the lower court accepting the appellant's plea. There is no question that the appellant was notified of his counsel's error prior to the entering of his plea.
 {¶ 15} Thereafter, the lower court proceeded with the plea hearing, satisfying all the requirements of Crim.R. 11, and accepted the appellant's plea of guilt to all four counts as indicted. The appellant was later sentenced to eight years on each count of the indictment, each count to be served concurrently to the others for a total incarceration of eight years.
 {¶ 16} In denying the appellant's motion for post-conviction relief, the lower court stated that the appellant had failed to set forth corroborating facts showing a promise of community control sanctions or ineffective assistance of counsel since the appellant had been advised at the time of plea that he was pleading guilty to an offense which carried a presumption of prison and since the appellant stated at the time of his guilty plea that no promises had been made to him.
 {¶ 17} We agree with the ruling of the lower court. The appellant has, in both his petition for post-conviction relief and in the instant appeal, merely presented unsubstantiated arguments and innuendo claiming that he was promised a certain sentence. What the appellant fails to recognize is that the lower court notified him that there was a presumption of prison in addition to the fact that the appellant was notified prior to entering his plea that the plea agreement was filled out in error. At that point, the appellant was free to invoke his right to trial and not enter a plea of guilty to the charges. Nevertheless, he proceeded willingly and knowingly with the plea process. Therefore, it would be unreasonable to support his contention that he was denied effective assistance of counsel.
 {¶ 18} Moreover, assuming arguendo that a plea agreement had been reached in which a certain sentence would be sought in exchange for a plea of guilt, Crim.R. 11(F) does not contemplate that punishment will be subject to plea bargaining, this being a matter either determined expressly by statute or lying within the sound discretion of the trial court. State v. Mathews (1982), 8 Ohio App.3d 145. As such, the lower court was free to impose sentence at its discretion notwithstanding the plea agreement since the agreement merely states that the state would request a certain sentence be imposed.
 {¶ 19} As such, the appellant's appeal is without merit, and the determination of the lower court is hereby affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J., AND JAMES J. SWEENEY, J., CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also S.Ct.Prac.R. II, Section 2(A)(1).