THE STATE OF OHIO, APPELLEE, *v.* MATHEWS, APPELLANT.

(No. 82AP-494—Decided November 18, 1982.)

*Mr. Michael Miller,* prosecuting attorney, and *Mr. Alan C. Travis,* for appellee.

*Mr. James Kura,* county public defender, and *Mr. Allen V. Adair,* for appellant.

WHITESIDE, P.J. Defendant-appellant, Theresa A. Mathews, appeals from her conviction of aggravated trafficking in drugs (Lysergic Acid Diethylamide, commonly called "LSD"), following her change of plea from not guilty to no contest and raises a single assignment of error, as follows:

"The court below erred by failing to conduct a hearing to determine whether or not appellant had been promised the opportunity to plead guilty to a probationable offense in exchange for her cooperation with investigating authorities."

Defendant contends that police officers of the Columbus Police Department narcotics squad entered into an agreement with her that, if she cooperated with them, she would not be required to serve time in prison for these drug offenses. The trial court refused to conduct a hearing to ascertain if this agreement was in fact made and fulfilled by defendant.

In effect, defendant attempts to enforce an alleged plea-bargain arrangement made with police officers at or shortly after the time of her arrest upon the instant charges for reduced punishment if she would cooperate with the police on other matters. The trial court held to the effect that such a plea bargain would be unenforceable in any event. Consistent with the trial court's finding, the state urges on appeal that police officers have no right or authority to enter into plea-bargain agreements with persons·arrested for or charged with crime. We agree.

Had Ohio adopted the full Fed. R. Crim. P. 11(e)(1), it would be clear that only the attorneys for the government and the defendant, or the defendant himself, could participate in valid plea-bargain negotiations. Ohio Crim. R. 11(F) is not so explicit but merely refers to negotiated pleas. However, the tenor of the Ohio rule is clear, that it is the judge who ultimately must decide whether or not the plea bargain will be accepted by the court. In addition, Crim. R. 11(F) does not provide for negotiation with respect to the punishment to be imposed but, instead, refers only to negotiated pleas "of guilty or no contest to one or more offenses charged or to one or more other or lesser offenses." In other words, the Ohio rule does not contemplate that punishment will be a subject of plea bargaining, this being a matter either determined expressly by statute or lying with the sound discretion of the trial court. Police officers have no authority to enter into plea-bargain negotiations with a person accused of crime, and such a plea-bargain agreement is unenforceable and of no effect except upon motion to suppress evidence if wrongfully obtained by promises made during the improper plea bargaining, which is later repudiated by the prosecutor who has the authority to enter into plea bargaining, subject to the ultimate review and approval by the court.

In addition, even if plea bargaining were proper by police officers, the breach of the plea-bargain agreement would merely release the defendant from the consequences of the plea bargain while preserving for her the constitutional safeguard of a fair trial. Ordinarily, the result of the breach of the plea-bargain agreement is a matter lying within the sound discretion of the trial court and may be either rescission or specific performance; that is, either allowing withdrawal of the negotiated plea or requiring the state to fulfill its end of the bargain, depending upon the circumstances and lying within the sound discretion of the trial court. See *Santobello* v. *New York* (1971), 404 U.S. 257, 263.

Here, no abuse of discretion has been demonstrated. There was no enforceable

plea-bargain agreement entered into by one having authority to bind the state, and defendant has suggested no prejudice to her in her defense of the instant charges resulting from the breach of the alleged plea bargain. Also, the alleged plea bargain was broken prior to any negotiated plea being accepted by the trial court. Finding no error and no abuse of discretion on the part of the trial court in refusing to enforce the alleged plea bargain allegedly improperly entered into by police officers, the assignment of error is not well-taken.

For the foregoing reasons, the assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and NORRIS, JJ., concur.