OPINION AND JUDGMENT ENTRY
Appellant/cross-appellee, the state of Ohio, has appealed the sentence the Wood County Court of Common Pleas imposed upon appellee/cross-appellant, Ryan J. Roberts under Am.Sub.S.B. No. 2 for a drug trafficking offense committed prior to its effective date of July 1, 1996. Roberts has cross-appealed, arguing that a plea bargain he made with police should be enforced and that chemical analysis of drugs found in his possession should be suppressed.
On January 28, 1996, a resident advisor in a Bowling Green State University dormitory received an anonymous telephone call indicating that an odor of marijuana was coming from Roberts' room on the same floor. After contacting his dormitory supervisor and the Bowling Green State University Police ("BGSU"), the advisor and the supervisor knocked on Roberts' door to investigate. Roberts allowed them to enter. He turned over two bags of marijuana and miscellaneous paraphernalia.
When BGSU police officer Mark Reef arrived, he asked Roberts whether there were any other illegal materials in the dormitory room, suggesting it would be better if Roberts cooperated instead of forcing the officer to get a search warrant. After some hesitation, Roberts produced perforated paper containing fifty doses of lysergic acid diethylamide ("LSD") from a box under his bed. Officer Reef advised Roberts to meet him at BGSU police headquarters the following day. All the evidence was checked into and secured at the BGSU police evidence room.
After meeting Roberts, Officer Reef contacted the City of Bowling Green Police Department regarding Roberts acting as a confidential informant. Detective Hartman of the Bowling Green City Police talked to Roberts about acting as a confidential informant.
According to Roberts, the officers told him that if he would complete two drug buys from each of four people, the police would not pursue LSD charges against him. The officers, in contrast, testified that they only assured Roberts that they would talk to the prosecutor, who was usually "receptive", about the LSD charge if Roberts cooperated and completed the confidential informant work.
Under Detective Hartman's supervision, Roberts completed three drug buys from two people before the school term ended in May 1996. Roberts informed the detective he would be in Oregon, Ohio for the summer and he might be able to perform confidential informant work there. Detective Hartman introduced Roberts to a detective in the Oregon Police Department. An understanding was reached that Roberts would operate as a confidential informant in Oregon, Ohio during the summer.
According to Roberts, he set up several opportunities to buy drugs, but the Oregon Police detective never returned his pages. Roberts did not return to school that fall.
In November 1996, a BGSU detective transported the suspected marijuana and LSD to The Bureau of Criminal Identification and Investigation ("BCI"). Although documents showed two bags of marijuana were submitted for analysis, the BCI chemist filed a discrepancy notice indicating only one bag of marijuana was submitted. The chemist concluded that the evidence he tested consisted of fifty doses of LSD and 3.4 grams of marijuana. On January 8, 1997, Roberts was indicted for one count of aggravated trafficking by knowingly possessing fifty unit doses of LSD, a violation of R.C. 2925.03.
Roberts filed a "Motion to Enforce Plea Agreement", arguing that police officers had promised not to charge him for LSD possession if he served as a confidential informant in setting up eight drug buys from four people. He was not able to complete his agreement only because the Oregon Police detective never returned his pages. Roberts argued that even though plea agreements are enforceable only when made with prosecutors, not police officers, this court created an exception to allow enforcement of agreements made with police officers in State v.Lewellen (Feb. 6, 1987), Huron App. No. H-86-16, unreported.
The trial court agreed that Roberts had entered an agreement with police, and the police prevented Roberts from completing the agreement. However, the trial court found that the exception in Lewellen did not apply and the agreement was not binding on the state.
The matter proceeded to a two-day bench trial on December 16 and 17, 1997. The trial court found Roberts guilty of aggravated trafficking, as charged in the indictment, on December 16, 1997. The trial court asked counsel for both sides whether they would stipulate that Senate Bill 2 would apply to this sentencing. The state declined to do so; Roberts requested that Senate Bill 2 be used to sentence him. On April 6, 1998, the trial court sentenced appellant to serve eight months of incarceration applying the sentencing criteria which became effective on July 1, 1996 under Senate Bill 2.
Appellant, the state of Ohio, has raised one assignment of error:
 I. THE DEFENDANT WAS NOT ENTITLED TO SENTENCING UNDER SENATE BILL 2.
 Roberts has conceded that the trial court should have sentenced him under the law that existed before July 1, 1996, instead of under Am.Sub.S.B. No. 2. Appellant's assignment of error is found well-taken on the authority of State v. Rush (1998), 83 Ohio St.3d 53, paragraph two of the syllabus, certiorari denied (1999), 119 S. Ct. 1052, which states: "The amended sentencing provisions of Am.Sub.S.B. No. 2 apply only to those crimes committed on or after July 1, 1996."
In his cross-appeal, Roberts raises two assignments of error:
 "I. THE TRIAL COURT ERRED IN NOT GRANTING DEFENDANT'S MOTION TO ESTABLISH AND ENFORCE THE PARTIES' PLEA AGREEMENT."
 II. THE TRIAL COURT ERRED IN FINDING DEFENDANT GUILTY WHEN THE STATE FAILED TO ESTABLISH THE EVIDENCE TESTED WAS THE EVIDENCE SEIZED."
In his first assignment of error, Roberts contends that the trial court should have enforced the "plea agreement he made under a narrow exception to the general rule that police officers may not negotiate a plea bargain. We agree with the decision of the trial court.
Only the attorneys for defendants and the defendant can participate in a plea bargain negotiation with the state. Statev. Mathews (1982), 8 Ohio App.3d 145, 146 and paragraph one of the syllabus; see Crim.R. 11(F). Police officers have no authority to enter into such a negotiation. Id. This court has determined that when police offer to reduce charges in exchange for an offender acting as a confidential informant, and in doing so, seriously interfere with a defendant's Sixth Amendment right to counsel, that interference may be redressed by specific enforcement of the plea agreement. State v. Lewellen, supra. In Lewellen, the officers actively discouraged the defendant from consulting with his attorney regarding the underlying charges and the undercover agreement. That interference included specifically telling the defendant he should not trust his attorney in order to promote the success of the undercover peration.
In Roberts' case, the trial court correctly concluded that there was no similar interference with the right to counsel that would warrant specific enforcement of the plea agreement.[1] He was photographed and fingerprinted at the police station, but was not formally placed under arrest. The police did not discourage him from contacting an attorney in any manner, let alone in an effort to place the success of the undercover operation above Roberts' right to counsel.
Consequently, appellee's first assignment of error is found not well-taken.
In his second assignment of error, Roberts asserts that the discrepancy about the number of bags of marijuana submitted to BCI created reasonable doubt as to whether the bags seized at the dormitory were the same bags submitted to BCI for analysis. The state concedes that an inconsistency in the chain of custody exists, but that it raises only a question of weight, not admissibility, of the evidence.
The trial court did not abuse its discretion when it admitted the evidence from the BCI showing that Roberts possessed fifty doses of LSD and 3.4 grams of marijuana. The state established that it was reasonably certain that substitution, alteration, or tampering did not occur in the chain of custody.State v. Denger (July 19, 1996), Huron App. No. H-95-059, unreported. "Any break in the chain of custody goes to the credibility, or weight, of the evidence and not to its admissibility." State v. Moore (Feb. 12, 1999), Lucas App. No. L-97-1448, unreported (citations omitted). "The admission or exclusion of evidence is a matter within the sound discretion of the trial court." Id.
Any break in the chain of custody because of the discrepancy as to whether one or two bags of marijuana were submitted to BCI for analysis did not preclude admitting the evidence. While no satisfactory explanation was offered for the discrepancy, Roberts was not prejudiced by any discrepancy in the amount of marijuana when he was charged only with LSD possession. Further, any inference that the LSD evidence could have been tainted because one bag of marijuana was unaccounted for does not make the LSD evidence inadmissible. Instead, the discrepancy raises only an issue of weight of the LSD evidence.
Accordingly, Roberts' second assignment of error is found not well-taken.
The judgment of the Wood County Court of Common Pleas sentencing Roberts under Senate Bill 2, which became effective July 1, 1996, is reversed and remanded for sentencing consistent with this opinion. The remainder of the judgment is affirmed. Appellee/cross-appellant Ryan J. Roberts is ordered to pay the costs of these appeals.
JUDGMENT AFFIRMED, IN PART AND REVERSED, IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist. Loc. App. R. 4, amended 1/1/98.
Melvin L. Resnick, J.
 Richard W. Knepper, J.
CONCUR.
James R. Sherck, J., dissents.
[1] There was no testimony presented during the hearing on appellant's motion to enforce plea bargain whether appellant was mirandized. However, Officer Reef testified at appellant's trial that he read appellant his Miranda rights when he arrived at appellant's dormitory room on January 28, 1996.