OPINION
Appellant Cynthia Manko was charged with two counts of possession of cocaine, a felony of the third degree and a felony of the fourth degree. A conviction of the felony three charge would result in a mandatory prison sentence. Through her counsel, John Mackey, appellant approached Charlene Hardy, the prosecutor assigned to case, about a reduction in the felony three charge, in consideration for appellant cooperating with the authorities concerning others involved in drug activity. Attorney Mackey's understanding was that if appellant provided useful information to the authorities, a reduction in the charge would be considered by the prosecutor's office. As a result of this understanding, appellant was interviewed by Lieutenant Dennis Pellegrino of the Stark County Metropolitan Narcotics Unit. Appellant provided Pellegrino with the names of two males involved in drug activity, who were already known to the narcotics unit, and a female, who was not known to the unit. As a result of the conference, Lieutenant Pellegrino was concerned that using appellant in undercover work would be dangerous, not only to her, but to any agent of the office working with her. He declined the opportunity to use appellant. The State of Ohio proceeded on the original charges against appellant. Appellant filed a motion to enforce the plea agreement. The court held an evidentiary hearing on the motion. The court overruled the motion, finding that appellant failed to demonstrate a binding contract which was breached by the State. The court concluded that at best, the agreement was one to give consideration to a reduction of the charge, which is not a promise to reduce the charge. The court overruled the motion to enforce the plea agreement. Appellant pled no contest to the two charges of possession of cocaine. She was sentenced to one year incarceration on each count, to run concurrently. She assigns a single error on appeal:
ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO ENFORCE PLEA AGREEMENT.
A plea bargain is contractual in nature, and is subject to the standard applied in contract law. Baker v. United States (C.A.6, 1986), 781 F.2d 85, cert denied, 479 U.S. 1017. The determination of whether there has been a breach of a valid plea agreement rests within the sound discretion of the trial court. State v. Mathews (1982), 8 Ohio App.3d 145, 146. The defendant has the burden of demonstrating the existence of a valid, enforceable plea agreement, and that the prosecutor did not comply with the terms of such agreement. State v. Moody (December 12, 1996), Cuyhoga App. No. 69822, unreported. The trial court did not abuse its discretion in finding that a valid, enforceable plea agreement did not exist. Prosecutor Hardy testified that she told Attorney Mackey she would arrange a meeting between appellant and Lieutenant Pellegrino, and she would agree to recommend to Prosecutor Dennis Barr a reduction in the charge if appellant was useful to Mr. Pelligrino. Prosecutor Hardy testified that if appellant was able to assist the agency, the State would consider amending the indictment to a probationable offense. Prosecutor Dennis Barr submitted an affidavit to the court, stating that he informed Mr. Mackey that if he wanted to consult with the Metro Unit, he could do so. Barr indicated that he told Mr. Mackey that if the Metro Unit called and stated that they were going to use appellant, he would consider reducing the charge. Attorney Mackey testified that from his conversations with Barr and Hardy, he understood that if appellant could provide information that could be useful to the State, a reduction would be considered. He noted that he felt there was going to be a quid pro quo: If appellant gave the State something, the State would consider giving her something. He testified that he understood that the agreement with the prosecution was conditional. The evidence before the court established that at most, the State would consider a reduction in sentence if appellant provided useful information to the Metro Unit. A promise to reconsider is not sufficiently definite as to constitute a plea agreement. There is no evidence in the record to demonstrate that the State promised to reduce the charge if appellant provided information that was useful to the Metro Unit. In the absence of an agreement that is specific enough to be enforced, the court did not abuse its discretion in overruling the motion to enforce the plea agreement. The assignment of error is overruled.
 ______________________ Gwin, P.J.
By Hoffman, J., and Wise, J., concur.