JOURNAL ENTRY AND OPINION
{¶ 1} The appellant, Hubert Hayes, appeals the sentence imposed by the Cuyahoga County Court of Common Pleas, Criminal Division, in which he received an aggregate sentence of seven years.
 {¶ 2} The appellant was indicted along with four other co-defendants on 21 counts. The counts applicable to the appellant include the following: Counts One through Five charged him with aggravated robbery, in violation of R.C. 2911.01, each carrying a one- and three-year gun specification; Count Six charged him with disrupting public service, in violation of R.C. 2909.04; Count Nine charged him with having a weapon while under disability, in violation of R.C. 2923.13; Count Ten charged him with aggravated burglary, in violation of R.C.2911.11; Counts Eleven through Fifteen charged him with kidnaping, in violation of R.C. 2905.01; Counts Sixteen through Twenty charged him with felonious assault, in violation of R.C. 2903.11.
 {¶ 3} After extensive plea negotiations, the appellant entered a plea agreement conditioned upon his giving truthful testimony at the trials of any of the co-defendants. In return for his testimony, the state amended the indictment to show Counts One through Five as robbery, in violation of R.C. 2911.02(A)(3), and all of the firearm specifications were deleted. The remaining counts against the appellant were nolled, and the state agreed not to seek a sentence in excess of five years. The appellant was advised of his rights, and the lower court accepted his plea of guilty to the amended indictment.
 {¶ 4} Despite this plea agreement, at the trial of two of his co-defendants, the appellant failed to give truthful testimony. Specifically, the appellant recanted his previous statements given to the police and refused to cooperate with the state. In light of the appellant's conduct at the trial of his co-defendants, the state argued at his sentencing hearing that he had violated the terms of the plea agreement; therefore, the state should not be bound by the terms of the agreement. Because of this violation, the state urged the lower court to impose a sentence of ten years upon the appellant.
 {¶ 5} The trial court agreed with the state that the appellant had violated the terms of the plea agreement and concluded that concurrent sentences of five years would be inappropriate. As such, the lower court sentenced the appellant to five years on Count One, and two years for Counts Two through Five; running concurrently to each other and consecutively to Count One, for an aggregate sentence of seven years.
 {¶ 6} The appellant presents one assignment of error for this court's review:
 {¶ 7} "I. THE TRIAL COURT ERRED BY SENTENCING THE APPELLANT TO SERVE A MAXIMUM SENTENCE BASED UPON CONSIDERATION OF AN OFFENSE OTHER THAN THE OFFENSE TO WHICH APPELLANT ENTERED A GUILTY PLEA."
 {¶ 8} The appellant argues that the lower court erred in sentencing him for the original charge of aggravated robbery instead of sentencing him for robbery, as stated in the amended indictment. Counsel for the appellant presented this very same issue in State v. Frankos
(Aug. 23, 2001), Cuyahoga App. No. 78072, in which this court declined to endorse counsel's position in affirming the defendant's sentence.
 {¶ 9} In Frankos, the defendant was charged with raping his former girlfriend. After plea negotiations, the defendant pleaded guilty to aggravated assault and was sentenced to the maximum allowable sentence expressly stating that the defendant committed the worst form of the offense. Specifically, the lower court concluded that an assault involving sexual penetration, for which the victim sought treatment in a hospital and suffered a nervous breakdown, was worse than the typical offense of aggravated assault. On appeal, the defendant argued that the trial court, in sentencing, considered the charge of rape even though the charge was dismissed as a result of the plea agreement. In affirming the sentence imposed, this court held that, in addition to the proper statutory sentencing factors found in R.C. 2929.12, 2929.13, and 2929.14, a lower court is free to consider any other factors that are relevant to achieving the purposes and principles of sentencing, citing State v.Hess (May 13, 1999), Franklin App. No. 98AP-983. As such, the plea bargain did not preclude the trial court from considering the underlying facts.
 {¶ 10} In the case at hand, it is clear that the lower court's sentence was supported by sufficient evidence and complied with the law. In sentencing the appellant, the lower court found that the offense was committed with a firearm, that the offense was part of an organized criminal activity, that two of the victims were elderly women, and that the victims were terrorized and threatened at gunpoint. Further, the lower court concluded the evidence showed that the appellant was the most aggressive in committing this offense and that the offense was committed a mere eight months after the appellant had been released from prison and while he was on parole. Further, the lower court determined the appellant deserved a sentence more than the minimum and that a minimal sentence would demean the seriousness of the offenses.
 {¶ 11} In addressing the appellant's argument concerning "real offense sentencing," the trial court's consideration of underlying circumstances contained in a charge has been summarized as follows:
 {¶ 12} 4.18 Real Offense Sentencing
 {¶ 13} "Notwithstanding that an offense has been plea bargained to a lesser offense, presentence reports are traditionally written to contain all facts in the police file. Likewise, judges have been accustomed to sentence an offender based on the judge's perception of the true facts even though such facts may be inconsistent with a plea bargain. For example, a robbery charge may be plea bargained to an attempted robbery. A charge of grand theft of a motor vehicle may be plea bargained to an attempted grand theft of a motor vehicle. Notwithstanding the plea bargain the judge may sentence the offender within the statutory parameters of the plea bargained offense based upon what the record shows to have been the real facts of the offense. Thus, seriousness of the offense will generally be based upon the judge's perception of the real facts of what occurred, and the plea bargained offense will simply set a ceiling on what the judge can impose.
 {¶ 14} "A different situation is presented when a lesser offense has been found as the result of trial. Where the jury has been the trier of facts, Ohio courts have ruled it improper to impose a higher sentence because the judge believed the defendant guilty of a charge for which the jury acquitted. However, the facts established in connection with the charge of acquittal may be considered when sentencing for the offense of conviction." Griffin Katz Ohio Felony Sentencing Law (2000 ed.) at 450-451 (footnotes and citations omitted).
 {¶ 15} In the matter at hand, the disposition of the underlying matter was as a result of a plea agreement, not a jury trial. Therefore, the lower court is not precluded from considering the underlying facts in sentencing the appellant. See Frankos, supra.
 {¶ 16} Crim.R. 11(F) provides that the agreement reached by the parties as part of the plea bargain shall be expressly stated on the record. During the plea hearing, the state enunciated the terms of the parties' agreement, and defense counsel agreed that the state correctly expressed the agreement. Moreover, there is no evidence in the record that, as a result of the plea agreement, the lower court agreed not to consider the underlying charges as part of the sentencing. Last, Crim.R. 11(F) does not contemplate that punishment will be subject to plea bargaining, this being a matter either determined expressly by statute or lying within the sound discretion of the trial court. State v. Mathews
(1982), 8 Ohio App.3d 145. As such, the lower court was free to impose sentence at its discretion notwithstanding the urging of the state.
 {¶ 17} Accordingly, the appellant's sole assignment of error is without merit.
Judgment and sentence affirmed.
TIMOTHY E. McMONAGLE, A.J., AND JAMES J. SWEENEY, J., CONCUR.
KEY WORDS:
Crime, Felony; Defendant/Co-Defendant, Sentence; Plea, Bargaining; Sentence, Punishment, Factors, Other