DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-Appellant John Pasturzak appeals the judgment of the Scioto County Court of Common Pleas that denied appellant's Crim.R. 32.1 motion to withdraw his guilty plea. Appellant asserts that the state violated the plea agreement into which the parties had entered. Specifically, appellant claims that the plea agreement was violated because the Ohio Adult Parole Authority refused to consider him for parole. Appellant also argues that the trial court erred by not holding a hearing on the matter.
 {¶ 2} We find that appellant's arguments lack merit and affirm the judgment of the trial court.
 The Trial Court Proceedings I. The Indictment, Plea, and Sentence {¶ 3} In October 1983, the Scioto County Grand Jury indicted Defendant-Appellant John Pasturzak on one count of aggravated murder with a firearm specification, in violation of R.C. 2903.01(B) and 2929.71.[2]
 {¶ 4} On March 13, 1984, pursuant to plea negotiations, appellant pled guilty to the charge contained in this indictment. In exchange for his plea, the state agreed to not pursue indictments on several other charges, including six counts of grand theft, five counts of aggravated burglary, and two counts of drug abuse. In addition, the state agreed that appellant's first parole eligibility would be after twenty years, plus the mandatory three years for the firearm specification.
 {¶ 5} On March 15, 1984, the trial court sentenced appellant in accordance with the plea agreement.[3] The trial court ordered that appellant be "confined in the Ohio State Penitentiary for a period of life with parole eligibility after [twenty] years, plus three years actual incarceration to be served consecutively to, and prior to, the life sentence for the firearm specification."
 II. Appellant's Motion for Post-Conviction Relief {¶ 6} In June 1996, appellant filed a motion for post-conviction relief. The trial court dismissed that motion, finding that appellant had not presented substantive grounds for relief.
 {¶ 7} Appellant appealed the trial court's decision, and we affirmed. See State v. Pasturzak (Feb. 18, 1997), Scioto App. No. 96CA2449.
 III. Appellant's First Motion to Withdraw Guilty Plea {¶ 8} In October 1997, appellant filed a motion to withdraw his guilty plea. Appellant asserted that his guilty plea was not knowingly, intelligently, and voluntarily made due to: (1) the prosecutor's misrepresentation of the charged offense and possible sentence; (2) ineffective assistance of counsel; and (3) the trial court's failure to comply with Crim.R. 11(C)(2)(a).
 {¶ 9} The trial court denied this motion, and appellant appealed that decision to this Court. We found that appellant sought to withdraw his plea on the same bases he had originally raised in his motion for post-conviction relief, and we affirmed the trial court's decision on the basis of res judicata. See State v. Pasturzak (Dec. 17, 1998), Scioto App. No. 98CA2587.
 IV. Appellant's Parole Hearing {¶ 10} On December 20, 2000, the Ohio Adult Parole Authority (OAPA) held appellant's first parole hearing and issued its decision. According to the OAPA's guidelines, appellant's parole eligibility range was from 330 months to life. At the time of the hearing, appellant had served 206 months. The OAPA denied appellant parole stating that a review of all relevant factors did not warrant a decision outside of the guidelines.
 {¶ 11} The OAPA decided that appellant would not be considered again for parole until December 2010.
 V. Appellant's Second Motion to Withdraw Guilty Plea {¶ 12} In October 2001, appellant filed another motion to withdraw his guilty plea pursuant to Crim.R. 32.1. This time, appellant asserted that the state breached its plea agreement because the OAPA decided that appellant should not become parole eligible until 2010. Appellant also sought an evidentiary hearing on the matter.
 {¶ 13} On November 21, 2001, the trial court, without holding a hearing, denied appellant's motion without expressing any factual findings or legal conclusions.
 {¶ 14} Appellant then filed a motion for reconsideration, which the trial court also denied.
 The Appeal {¶ 15} Appellant timely filed his notice of appeal and presents the following assignments of error for our review.
 {¶ 16} First Assignment of Error: "The appellant's plea agreement has been violated."
 {¶ 17} Second Assignment of Error: "The court erred in not holding a hearing on this matter."
 I. Plea Agreement Violations {¶ 18} In his First Assignment of Error, appellant asserts that the decision by OAPA violated the plea agreement reached between the state and himself. Appellant concludes that the trial court erred by not finding that the state had breached the agreement and by denying appellant's Crim.R. 32.1 motion.
 {¶ 19} Under Crim.R. 32.1, a trial court may grant a post-sentence motion to withdraw a guilty plea only to correct a manifest injustice. This standard permits a defendant to withdraw his guilty plea only in extraordinary cases. See State v. Smith (1977), 49 Ohio St.2d 261, 264,361 N.E.2d 1324. Accordingly, a trial court need not grant a post-sentence motion to withdraw a guilty plea unless the defendant establishes that a manifest injustice will result if the plea is allowed to stand. See State v. Xie (1992), 62 Ohio St.3d 521, 525, 584 N.E.2d 715;Smith, supra, at paragraph one of the syllabus.
 {¶ 20} The decision to grant or deny a motion to withdraw a guilty plea lies within the sound discretion of the trial court. See Smith andXie, supra; State v. Jordan, Gallia App. No. 00CA16, 2001-Ohio-2608;State v. Platz, Washington App. No. 00CA25, 2001-Ohio-2543. Therefore, an appellate court will not reverse the trial court's decision absent an abuse of discretion. See id. An abuse of discretion implies that the trial court acted in an unreasonable, arbitrary, or unconscionable manner. See State v. Clark, 71 Ohio St.3d 466, 470, 1994-Ohio-43,644 N.E.2d 331. "To constitute an abuse of discretion, `the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will, but the perversity of will, not the exercise of judgment, but the defiance of judgment, not the exercise of reason but, instead, passion or bias.'" Platz, supra, quoting Nakoff v. FairviewGen. Hosp., 75 Ohio St.3d 254, 256, 1996-Ohio-159, 662 N.E.2d 1.
 {¶ 21} Plea agreements are contractual in nature, and in order to determine whether a plea agreement has been breached, courts must examine what the parties reasonably understood at the time the defendant entered his guilty plea. See State v. Artiste (Mar. 20, 1998), Scioto App. No. 96CA2471. "[D]ue process requires the state to honor any promise or representation it makes to induce a guilty plea by a defendant." Statev. Ford (Feb. 18, 1998), Lawrence App. No. 97CA32, citing Santobello v.New York (1971), 404 U.S. 257, 92 S.Ct. 495. When a valid plea agreement is breached by the state, the trial court, within its sound discretion, may either allow the negotiated plea to be withdrawn, or may require the state to fulfill its end of the bargain. See id.; State v. Matthews
(1982), 8 Ohio App.3d 145, 456 N.E.2d 539.
 {¶ 22} In the case sub judice, appellant asserts that, according to his plea agreement, he was entitled to a meaningful parole hearing after serving twenty years of his prison sentence. Further, appellant contends that a meaningful parole hearing did not occur and thus his plea agreement was breached. However, appellant does not contend that he should have been granted parole, but that he should be afforded a meaningful opportunity for parole.
 {¶ 23} Appellant's assertion, that the state breached the plea agreement, however, is not factually tenable. Appellant was sentenced on March 15, 1984. The sentence imposed pursuant to the agreement was incarceration for twenty years, plus the three years for the firearm specification.[4] Thus, appellant's consideration for parole at this time would be premature.[5]
 {¶ 24} Nevertheless, the OAPA held a parole hearing in appellant's case in December 2000, and decided not to grant him parole. Further, they decided not to consider appellant for parole again until 2010. Appellant has had his parole hearing, albeit prematurely, and parole was denied.
 {¶ 25} Also, even though the parole board decided that appellant's next hearing for reconsideration would not be held until December 2010, no breach of appellant's plea agreement has occurred since the parole board's decision has not changed appellant's eligibility for parole, only when the parole board will consider appellant for parole. See R.C.2967.13(D) and (I); Papp v. Ohio Adult Parole Auth. (Jan. 24, 2002) 10th Dist. No. 01AP-892, 2002-Ohio-199. The plea agreement mandated that appellant become eligible for parole after serving twenty years plus three years for the firearm specification, not that the OAPA would provide actual consideration for parole at that time. See Papp, supra (stating that the decision of whether and when to grant parole lies within the absolute discretion of the OAPA); see, also, R.C. 2967.03.
 {¶ 26} Accordingly, we find that the trial court did not abuse its discretion in denying appellant's motion to withdraw his guilty plea, as no manifest injustice has occurred. Thus, we overrule appellant's First Assignment of Error.
 II. Evidentiary Hearing {¶ 27} In his Second Assignment of Error, appellant asserts that the trial court erred by not holding an evidentiary hearing on his motion to withdraw his guilty plea. However, based on our disposition of appellant's First Assignment of Error, we find the remaining assignment of error to be rendered moot. See App.R. 12(A)(1)(c).
 Conclusion {¶ 28} Therefore, appellant's assignments of error are overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that appellee recover of appellant costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the SCIOTO COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEENPREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, IT IS TEMPORARILYCONTINUED FOR A PERIOD NOT TO EXCEED SIXTY (60) DAYS UPON THE BAILPREVIOUSLY POSTED. The purpose of the continued stay is to allow appellant to file with the Supreme Court of Ohio an application for stay during the pendency of proceedings in that court.
If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of appellant to file a notice of appeal with the Supreme Court of Ohio within the forty-five (45) day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of the sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J., and Abele, J.: Concur in Judgment Only.
[2] All citations to the Ohio Revised Code are to those versions of the statutes that were in effect during the time period in question.
[3] At the time of appellant's indictment, he was on probation for several prior offenses. On March 13, 1984, the trial court revoked appellant's probation and imposed the original sentences that apparently had been suspended, including: 1) one to ten years incarceration for theft by deception, R.C. 2913.02(A)(3); 2) one to five years incarceration for grand theft, R.C. 2913.02(A)(1); and 3) one to five years incarceration for three counts of forgery, R.C. 2913.31(A)(1) and (2). The trial court also ordered these sentences to be served consecutive to any sentence imposed for the aggravated murder and firearm specification charges.
[4] Additionally, we note that the sentences carried out due to the revocation of appellant's probation were also ordered to be served consecutive to the sentence imposed as a part of the plea agreement at issue in the present case. These prior sentences are in no way related to appellant's plea agreement and could add one to ten years to appellant's sentence relevant to the current appeal. See R.C. 2967.13(I).
[5] We note that appellant is not entitled to deductions in his twenty-year sentence for faithful observance of prison rules (i.e., "good time credit") because of the nature of his sentence. See R.C.2929.03(D)(3)(a), 2967.13(D), and 2967.19(B).