{¶ 15} I respectfully concur with the majority opinion in judgment only. In my view, whether or not the trial court complied with the requirements of Crim.R. 11 matters little, because the record demonstrates the city breached a significant term of its plea agreement with appellant. This in itself mandates reversal.
 {¶ 16} At the plea hearing, the prosecutor told the trial court that in exchange for appellant's plea of no contest, the city, inter alia, "would recommend a fine of $2000.00," and, in addition, the city had "no objection to suspending $1800.00 of the $2000.00 fine." The prosecutor placed no conditions upon this portion of the agreement.
 {¶ 17} However, at the sentencing hearing, a different prosecutor suddenly proposed the fine be raised to $5000, with a mitigation of 90% of it. Appellant, whom the trial court had been informed was an elderly man with limited resources, thus was subjected to a fine more than double the amount to which the city originally had agreed in order to obtain his plea.
 {¶ 18} Under these circumstances, the city violated the plain terms of the agreement and circumvented the parties' intent. Since one of the remedies for the breach of a plea agreement is "rescission," I concur in the decision to reverse appellant's plea and sentence and to remand this case. State v. Mathews (1982), 8 Ohio App.3d 145; State v. Lewis, Allen App. No. 1-02-10, 2002-Ohio-3950.