[Cite as *State v. Blackman*, 2017-Ohio-6889.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105190**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# WAYNE BLACKMAN

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-598337-A

**BEFORE:** S. Gallagher, J., Boyle, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** July 20, 2017

**ATTORNEY FOR APPELLANT**

Thomas G. Haren
Seeley, Savidge, Ebert & Gourash Co., L.P.A.
26600 Detroit Road, Suite 300
Westlake, Ohio   44145


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By:    Steven N. Szelagiewicz
Assistant Prosecuting Attorney
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio    44113

SEAN C. GALLAGHER, J.:

**{¶1}** Appellant Wayne Blackman appeals from the sentence imposed by the trial court. Upon review, we affirm.

**{¶2}** Appellant was charged under a nine-count indictment. He entered a plea of guilty to attempted kidnapping as amended in Count 3, felonious assault as charged in Count 4, and obstructing official business as charged in Count 9. The trial court sentenced appellant to a prison term of five years on Counts 3 and 4, and 12 months on Count 9, each to run concurrently.

**{¶3}** Appellant timely filed an appeal. He raises three assignments of error for our review.

**{¶4}** Under his first assignment of error, appellant claims a negotiated plea was not adequately reflected on the record as required by Crim.R. 11(F).

**{¶5}** Pursuant to Crim.R. 11(F), "[w]hen, in felony cases, a negotiated plea of guilty or no contest * * * is offered, the underlying agreement upon which the plea is based shall be stated on the record in open court." "Crim.R. 11(F) does not contemplate that punishment will be subject to plea bargaining, this being a matter either determined expressly by statute or lying within the sound discretion of the trial court." *State v. Diamond*, 8th Dist. Cuyahoga No. 81330, 2002-Ohio-7256, ¶ 18, citing *State v. Mathews*, 8 Ohio App.3d 145, 146, 456 N.E.2d 539 (10th Dist.1982).

{¶6} The record reflects that at the plea hearing, the plea agreement was stated on the record. Pursuant to the plea agreement, appellant would plead guilty to Count 3 as amended, and Counts 4 and 9 as charged, and the remaining counts would be dismissed. Appellant entered his plea according to the plea agreement, and the remaining counts were nolled. Appellant agreed that the court had not made any particular promise as to the sentence that would be imposed in exchange for appellant entering the plea agreement.

{¶7} At the sentencing hearing, the trial court referenced that a "gentleman's agreement" was reached in chambers, and that the trial court promised a potential sentence of five years or less. That agreement was not stated on the record at the time of the plea. The cases relied upon by appellant are inapposite because they involved the imposition of harsher sentences than those claimed to have been promised or negotiated off the record.[1]

{¶8} The state argues that it never agreed to a particular sentence. Further, at the time of sentencing, the court indicated on the record that it had spoken to defense counsel about potentially sentencing appellant to five years or less. However, in light of statements made at the sentencing hearing, the court indicated that it did not feel compelled to limit itself to a five-year sentence, which it believed would be unjust. The court gave appellant an opportunity to withdraw his plea and proceed to trial, and allowed

---

[1] See *State v. Grigsby*, 2d Dist. Greene No. 02CA16, 2003-Ohio-2823; *State v. Smith*, 11th Dist. Lake No. 98-L-104, 1999 Ohio App. LEXIS 2939 (June 25, 1999); *State v. Drake*, 9th Dist. Summit No. 12859, 1987 Ohio App. LEXIS 6449 (Apr. 15, 1987).

appellant to confer with counsel. Appellant decided not to withdraw his plea, and sentencing proceeded. The state never argued for a longer sentence, and appellant received the sentence within the range he claims he was promised. Accordingly, no prejudice or injustice occurred. Appellant's first assignment of error is overruled.

{¶9} Under his second assignment of error, appellant claims he was denied effective assistance of counsel because his trial counsel failed to adequately preserve the record concerning the promises made relating to the sentence the trial court would impose.

{¶10} In order to substantiate a claim of ineffective assistance of counsel, the appellant must show "(1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that but for counsel's errors, the proceeding's result would have been different." *State v. Perez*, 124 Ohio St.3d 122, 2009-Ohio-6179, 920 N.E.2d 104, ¶ 200, citing *Strickland v. Washington*, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. The defendant has the burden of proving his counsel rendered ineffective assistance. *Perez* at ¶ 223.

{¶11} In this case, appellant has failed to demonstrate that he was prejudiced by any failure to preserve the "gentleman's agreement." The trial court placed the agreement on the record at the time of sentencing, gave appellant an opportunity to withdraw his plea, and imposed a total sentence of five years. Without the agreement,

appellant would have been facing a sentence of up to 17 years. Appellant's second assignment of error is overruled.

**{¶12}** Under his third assignment of error, appellant claims the trial court erred by sentencing him to prison without considering the statutory factors contained in R.C. 2929.12.

**{¶13}** Although the trial court must consider the purposes of felony sentencing set forth in R.C. 2929.11, as well as the sentencing factors set forth in R.C. 2929.12 when sentencing a defendant on a felony, the trial court is not required to discuss the factors on the record. *State v. Wenmoth*, 8th Dist. Cuyahoga No. 103520, 2016-Ohio-5135, ¶ 16; *see also State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31. Consideration of the appropriate factors can be presumed unless affirmatively demonstrated otherwise. *Wenmoth* at ¶ 17. Further, a trial court's statement in its sentencing journal entry that it considered the required statutory factors alone is enough to satisfy its obligations under R.C. 2929.11 and 2929.12. *Id.*

**{¶14}** Here, the trial court stated in the sentencing entry that it had "considered all required factors of the law" and found that "prison is consistent with the purpose of R.C. 2929.11." Further, the record reflects that before imposing sentence, the court had reviewed the presentence investigation report, and the court heard from the state, defense counsel, the defendant, and the victim. Appellant has not affirmatively demonstrated that the court did not consider the required statutory factors.

**{¶15}** Appellant's third assignment of error is overruled.

**{¶16}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed. The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
LARRY A. JONES, SR., J., CONCUR