**The STATE of Ohio, Appellant,**

v.

**FULTON, Appellee.**

[Cite as *State v. Fulton* (1990), 66 Ohio App.3d 215.]

Court of Appeals of Ohio,
Seneca County.

No. 13–88–27.

Decided Feb. 22, 1990.

*Paul F. Kutscher, Jr.,* Prosecuting Attorney, and *James S. Nordholt, Jr.,* for appellant.

*Richard B. Hauser* and *Francis M. Marley, Jr.,* for appellee.

THOMAS F. BRYANT, Judge.

This is an appeal from the judgment of the Seneca County Court of Common Pleas dismissing an indictment for three aggravated felonies with firearm specifications should the defendant-appellee, Thomas W. Fulton, enter a plea of guilty to a single count of robbery in Huron County. The trial court further ordered that prosecution could proceed only in strict accord with the plea agreement described in its opinion.

The appellee in his brief maintains that he was denied his Sixth Amendment right to effective assistance of counsel by Sergeant Thomas Ludban of the Willard Police Department. Appellee asserts that in exchange for assisting the police in solving other crimes in Huron and Seneca Counties he was to receive the benefit of a plea bargain arranged for him by Sgt. Ludban with the Huron and Seneca County Prosecutors. Throughout the negotiations for the plea bargain, appellee claims that he was told not to discuss the proposed agreement with his attorney and further his attorney was criticized and disparaged by Sgt. Ludban. Appellee claimed in his testimony in support of his motion to enforce plea bargain that in exchange for his assistance noted above, all charges for which he was indicted were to be dropped in exchange for his plea of guilty to a single charge of simple robbery with no sentence of imprisonment to be imposed upon him.

Plaintiff-appellant, the state of Ohio, through the Seneca County Prosecutor's Office, now appeals the trial court's decision to enforce the alleged plea bargain and dismiss the indictment. R.C. 2945.67(A) gives the prosecutor the right to appeal any decision of a trial court in a criminal case which grants a motion to dismiss all or any part of an indictment. Appellant's sole assignment of error is:

"The trial court erred when it ordered that a plea agreement purportedly made by a police officer be enforced and that the indictment be dismissed."

"Police officers have no authority to enter into plea-bargain negotiations with a person accused of crime, and such a plea-bargain agreement is unenforceable and of no effect except upon motion to suppress evidence if wrongfully obtained by promises made during the improper plea bargaining,

which is later repudiated by the prosecutor who has the authority to enter into plea bargaining, subject to the ultimate review and approval by the court.

"In addition, even if plea bargaining were proper by police officers, the breach of the plea-bargain agreement would merely release the defendant from the consequences of the plea bargain while preserving for [him] the constitutional safeguard of a fair trial. Ordinarily, the result of the breach of the plea-bargain agreement is a matter lying within the sound discretion of the trial court and may be either rescission or specific performance; that is, either allowing withdrawal of the negotiated plea or requiring the state to fulfill its end of the bargain, depending upon the circumstances and lying within the sound discretion of the trial court." *State v. Mathews* (1982), 8 Ohio App.3d 145, 146, 8 OBR 202, 204, 456 N.E.2d 539, 541.

In support of his contention that the plea bargain should be enforced, appellee cites *State v. Lewellen* (Feb. 6, 1987), Huron App. No. H–86–16, unreported, 1987 WL 6185. In *Lewellen,* the court recognized the holding in *Mathews, supra,* but determined that the facts in *Lewellen* were significantly different from the facts before the court in *Mathews.* The *Lewellen* court stated:

"We believe that the attendant interference with appellant's Sixth Amendment right to counsel coupled with the great physical danger appellant placed himself in, warrant further consideration of this case.

"It has been held by the United States Supreme Court that:

" ' * * * Cases involving Sixth Amendment deprivations are subject to the general rule that remedies should be tailored to the injury suffered from the constitutional violation and should not unnecessarily infringe on competing interests.' *U.S. v. Morrison* (1981), 449 U.S. 361, 364 [101 S.Ct. 665, 668, 66 L.Ed.2d 564, 568]." *Lewellen, supra.*

Appellee in the case before us has attempted to align the facts of his case with the facts in *Lewellen, supra,* in order to enforce the plea bargain and maintain a claimed violation of his Sixth Amendment rights.

Our review of the record in this case does not demonstrate the existence of the same factual circumstances as those present in the *Lewellen* case. The record does not indicate that appellee in the case before us produced the information or the evidence he claimed he could provide Sgt. Ludban. Nor is there any demonstrated peril to appellee other than his claims of personal danger. Appellee fears for his life should he be incarcerated. However, appellee will be subject to incarceration for his parole violation even if he were found innocent of the criminal charges in Seneca County, such incarceration being a decision within the jurisdiction and control of the Adult Parole

Authority. Appellee's attempt to use *Lewellen, supra,* as a roadmap to circumvent the laws in Ohio is transparent and without merit.

As noted by the court in *Mathews, supra,* plea bargain agreements entered into by police officers are unenforceable and of no effect except upon a motion to suppress evidence if wrongfully obtained by promises made during the improper plea bargaining. The *Mathews* court also noted that if under some circumstances plea negotiations with police officers should be appropriate, the breach of a plea bargain agreement made with a police officer merely releases the defendant from the consequences of the plea bargain while preserving the constitutional safeguard of a fair trial.

We agree with the court in *Mathews, supra,* that plea bargain agreements entered into by police officers are unenforceable and inappropriate. We do not believe the circumstances of this case were such to warrant an attempted plea bargain by a police officer, but even if they were, the appellee has not suffered any prejudice and is now placed in the position of simply having to defend himself at trial. Nor are the circumstances of this case so egregious as to bring appellee within the framework of *Lewellen, supra.*

The court in *Lewellen* took note of *United States v. Morrison* (1981), 449 U.S. 361, 365, 101 S.Ct. 665, 668, 66 L.Ed.2d 564, 568–569, the case in which the United States Supreme Court determined the appropriate relief for Sixth Amendment violations:

"Our approach has thus been to identify and then neutralize the taint by tailoring relief appropriate in the circumstances to assure the defendant the effective assistance of counsel and a fair trial. The premise of our prior cases is that the constitutional infringement identified has had or threatens some adverse effect upon the effectiveness of counsel's representation or has produced some other prejudice to the defense. Absent such impact on the criminal proceeding, however, there is no basis for imposing a remedy in that proceeding, which can go forward with full recognition of the defendant's right to counsel and to a fair trial.

"More particularly, *absent demonstrable prejudice, or substantial threat thereof, dismissal of the indictment is plainly inappropriate, even though the violation may have been deliberate."* (Emphasis added.)

In the case before us, there has been no demonstration of prejudice or substantial threat of prejudice resulting to appellee from the alleged plea bargaining. The record does not indicate any information divulged by appellee concerning the indictments pending against him in Seneca County. Even if the record had demonstrated revealing statements by appellee concerning the pending indictments, a motion to suppress the evidence would have been

adequate to prevent the use of those statements at trial. The trial court did not determine that the prosecutor had been deliberate in the alleged acts claimed to infringe on appellee's rights but found that at worst the Seneca County Prosecutor, whose personnel had no part in any dealing with appellee, was grossly negligent in dealing with Sergeant Ludban. In the absence of demonstrable prejudice to the appellee, we find that the dismissal of this indictment was plainly inappropriate and an abuse of discretion by the trial court. Appellant's assignment of error is sustained.

For the reasons stated above and upon the authorities cited and discussed, the judgment of the Seneca County Court of Common Pleas is reversed.

*Judgment reversed.*

MILLER and EVANS, JJ., concur.