OPINION
Defendant-Appellant Gary S. Burgess appeals the trial court's grant of summary judgment to the State respecting his petition for post-conviction relief. Burgess claims genuine issues of material fact exist as to whether his trial attorneys' representation was effective, and argues he is entitled to an evidentiary hearing on his post-conviction relief petition.
The underlying facts of this case were concisely set forth in the trial court's March 22, 1999, judgment entry granting the State's motion for summary judgment, and are as follows:
 Petitioner was indicted on three counts of trafficking in cocaine, felonies of the fourth, fifth, and second degrees respectively, the third count of which carries a mandatory sentence. Petitioner entered into a guilty plea on January 20, 1998. Petitioner was sentenced to three (3) years for the second degree count in addition [to] seventeen (17) months for the fourth degree count and ten (10) months for the fifth degree count, all three counts to run concurrently. Petitioner did not file a direct appeal in this case. Petitioner has attached a sworn Affidavit of Indigency.
On February 13, 1997, Petitioner knowingly sold less than five (5) grams of cocaine to an undercover agent working for the Green County Drug Task Force, and then again on February 29, 1997, at the same residence, Defendant sold more than ten (10) grams of cocaine to the same agent. In the third week of March, 1997, Petitioner was offered immunity from Detective Kindred who was working with the Greene County Drug [Task] Force in exchange for his assistance in setting up buy sting operations. The record reflects that the original immunity deal was as follows: for every three (3) individuals that Petitioner would give up, the prosecution would drop one of the charges against Petitioner and not indict Petitioner's wife. This agreement was never put into writing.
Petitioner agreed to assist the Greene County [Drug] Task Force and arranged for a buy which led to the arrest of four (4) individuals. Petitioner's first counsel, Joe Fodel, informed him that if he agreed to enter a guilty plea, the prosecution would recommend that he serve a one year concurrent sentence in the penitentiary. Petitioner insisted that he should not have to serve any sentence and refused to accept the deal. Mr. Fodel withdrew from the case thereafter.
Petitioner was arraigned on the present charges on September 10, 1997. Prosecution also had issued an indictment for Petitioner's wife. The court then appointed Lawrence White to represent Petitioner. Petitioner was offered a plea bargain for [two] (2) years by the prosecution but Petitioner again refused. On January 2, 1998, Mr. White filed a Motion to Withdraw as counsel. Mr. White advised Petitioner to seek the services of Matthew Artnz [sic], who according to Mr. White, was much more experienced in the type of defense that Petitioner needed. Petitioner then retained Matthew Arntz to represent him.
Mr. Artnz [sic] advised Petitioner not to mention the immunity defense at trial as it might taint a jury who would see Petitioner as a drug lord. Instead, Mr. Artnz [sic] believed that he should argue entrapment. Subsequently thereafter, Petitioner, upon the advise of counsel, decided to plea[d] guilty. A guilty plea was entered by Petitioner on January 20, 1998[,] for the above mentioned charges. Petitioner was sentenced to serve four years and five months incarceration by this Court.
As the trial court noted, Burgess took no direct appeal after being convicted and sentenced. Instead, he filed a motion for post-conviction relief pro se on September 14, 1998, in which he claimed his pleas were rendered involuntary and unknowingly made as a consequence of his trial attorneys' ineffective assistance. Along with his petition, or in supplementary filings, Burgess submitted to the trial court affidavits from his mother and his wife, his own affidavit, and a letter and an affidavit from Patrick Mulligan, the last attorney to represent Burgess in the prior proceedings culminating in his conviction and sentencing. Burgess claimed he had been promised immunity by Detective Kindred in exchange for his cooperation with the Greene County Drug Task Force in targeting and setting up buys with other drug dealers. According to Burgess, the representation of his second and third attorneys, White and Arntz, was ineffective because neither objected to what Burgess perceives as the State's breach of the agreement he had with the drug task force via the court's imposition of a four year and five month sentence. In addition, Burgess claimed his attorneys' performance was substandard for their failure to raise the affirmative defense of immunity, and for coercing Burgess into entering his pleas of guilty.
The trial court concluded that Burgess had failed to produce any evidence containing sufficient operative facts to demonstrate his claimed lack of competent counsel and corresponding prejudice to Burgess' defense as is required by State v. Jackson (1980),64 Ohio St.2d 107. Further, the trial court found that it was Burgess who rejected the State's offer of a one year sentence in consideration of his cooperation with the drug task force, and that he had failed to set forth substantive grounds for a hearing on his petition for post-conviction relief. Therefore, the court denied Burgess' motion for summary judgment, and granted the State's motion for summary judgment. In his timely appeal, Burgess claims his guilty pleas were rendered involuntary by the ineffective assistance of his trial attorneys. Because our analysis of Burgess' first assignment of error necessarily includes a discussion of the substance of his second, we address them together.
 I. Trial court erred to the prejudice of the Appellant by grantingsummary judgment to Appellee, where Appellant demonstratedsufficient operative facts which were dehors the recordestablished genuine issues of material facts which would entitleAppellant to relief from judgment on his guilty plea,demonstrating that the received ineffective assistance of counsel,rendering his guilty plea unknowing[,] unintelligent[,] andunreliable.
II.
Trial court abused it's [sic] discretion, committing prejudicial error in ruling that Appellant failed to demonstate [sic] his trial counsel was ineffective, where substantial facts dehors the record present prima facie evidence which are [sic] not disputed by the record that Appellant's guilty plea was void or voidable under the Ohio and United States Constitutions.
In his first and second assignments of error, Burgess argues that the evidence he submitted in support of his petition for post-conviction relief is sufficient to defeat the State's motion for summary judgment. He claims his sentence was not in accordance with an "immunity agreement" he had made with the prosecutor's office whereby the State was to nolle one count of the original indictment for every three people Burgess set up for a drug transaction. The original indictment consisted of two counts, which meant Burgess would have had to set up six individuals in order to be free from prosecution. Burgess has not contended that the agreement provided for any benefit to him from setting up more than three but less than six individuals, other than nollification of one count of the indictment. In other words, Burgess had no expectation that he would receive a reduced sentence on the remaining count should he succeed in setting up four or five other drug dealers. He argues that at least three of his trial attorneys' representation was deficient because none of them forced the State to comply with the "immunity agreement," and that his guilty pleas were consequently involuntary.
R.C. § 2953.21 provides as follows:
 (A)(1) Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
* * *
 (C) * * * Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript.
The statute makes it clear that evidentiary hearings are not always granted on post-conviction relief petitions. This is true even though a petitioner may rely upon matters dehors the record.State v. Jackson (1980), 64 Ohio St.2d 107, 111.
In determining whether there are substantive grounds for relief where a petitioner alleges ineffective assistance of counsel, the petitioner bears the burden of submitting evidentiary documents "containing sufficient operative facts to demonstrate the lack of competent counsel and also that the defense was prejudiced by counsel's ineffectiveness." Jackson, supra. Broad assertions of prejudice and general conclusory allegations are an inadequate basis upon which to impose an evidentiary hearing.State v. Kapper (1983), 5 Ohio St.3d 36, 39; Jackson, supra.
In the present case, Burgess submitted his mother's, his wife's, one of his attorneys', and his own affidavits, as well as a copy of an unsworn letter from the affiant attorney to the Greene County Prosecutor in support of his petition for post-conviction relief. Burgess' mother's affidavit consists entirely of hearsay, as does the majority of his wife's affidavit. In addition, in his affidavit, Patrick Mulligan, one of Burgess' attorneys, plainly states that he was not consulted by Burgess until after he had entered his guilty pleas, and that it was Burgess who told him of the details of the agreement with the drug task force. Furthermore, Mulligan's letter to the Greene County Prosecutor provides no basis from which we could conclude that Mulligan had any personal knowledge of the particulars of the agreement. Any knowledge Mulligan had of the agreement, therefore, was based on hearsay.
Civ.R. 56(E) requires that affidavits supporting or opposing a motion for summary judgment shall be made on personal knowledge. As such, Burgess' mother's, wife's, and attorney's affidavits could not have defeated the State's motion for summary judgment, nor could the attorney's letter to the Greene County Prosecutor since it was not evidence of the type acceptable for consideration in determining a motion for summary judgment pursuant to Civ.R. 56(C).
In his own affidavit, Burgess recounts the circumstances under which he agreed to assist the drug task force in apprehending other drug dealers, and acknowledges that one count of the original indictment was to be dismissed for every three arrests made as a result of his cooperation. By the time of his pretrial conference on or about July 31, 1997, four people had been arrested during drug transactions set up by Burgess. The prosecutor offered a one-year sentence, which Burgess rejected, claiming he was entitled to immunity according to his agreement with the drug task force, and that he would rather proceed to trial. Later, the prosecutor dismissed the initial indictment and reindicted Burgess on three counts of drug trafficking. After Burgess was appointed new counsel, and having also retained another attorney, Burgess pled guilty on all three counts with the understanding, according to him, that he would be sentenced to a two year term of incarceration. At his Crim.R. 11 hearing, Burgess claims to have lied when asked whether any promises had been made to him in exchange for his guilty pleas because his retained counsel had advised him "not to deny or argue anything." Later, at the sentencing hearing, Burgess was sentenced to an aggregate term of four years and five months.
The statements made by Burgess in his affidavit conflict with his prior statements given orally and in writing at the time he entered his pleas in open court. At that time, Burgess acknowledged that the maximum sentence possible was ten and one-half years, that he was not under the influence of drugs or alcohol, that he was literate, that he understood the contents of the plea forms, and that he would be surrendering certain rights by pleading guilty. He also expressed total satisfaction with the representation he received from his appointed and retained attorneys. In addition, he denied that it had been suggested that he would receive a lighter sentence in exchange for his guilty pleas, that there was any plea agreement, or that he had been coerced or forced to enter his guilty pleas.
We find no error in the trial court's determination that Burgess had failed to produce any evidence that contained operative facts supporting his allegations. As in Kapper "a record reflecting compliance with Crim.R. 11 has greater probative value than contradictory affidavits." Kapper, supra at 38. Here, the same judge presided at the plea hearing as granted the State's motion for summary judgment on Burgess' petition for post-conviction relief. Thus, the judge who ruled on Burgess' petition was able to observe him and his attorneys and ascertain the credibility of Burgess' statements at the Crim.R. 11 hearing. Although Burgess now claims his prior statements were false, the unreliability of recanting testimony has long been recognized, and is to be subjected to the closest scrutiny. Taylor v. Ross
(1948), 150 Ohio St. 448, paragraph three of the syllabus.
Furthermore, nothing in the record or the affidavits submitted by Burgess demonstrates that his attorneys' performance was deficient in any way. "Where a defendant enters a guilty plea upon counsel's advice, the voluntariness of the plea depends on whether the advice was within the range of competence demanded of attorneys in criminal cases." State v. Collins (Oct. 16, 1996), Hamilton App. No. C-960170, unreported, citing Hill v. Lockhart
(1985), 474 U.S. 52, 56. Burgess' attorneys were cognizant of Burgess' rejection of the prosecutor's offer of a one year sentence on the original indictment, and their subsequent advice that Burgess plead guilty to the three counts in the second indictment, cannot be considered ineffective assistance in light of the fact that Burgess received less than half of the maximum sentence possible.
Moreover, Burgess has failed to demonstrate any prejudice from his attorneys' alleged incompetence. See Jackson, supra. In order to satisfy the prejudice requirement, Burgess must have shown that there was a reasonable probability that, but for his attorneys' errors, he would not have pled guilty and would have insisted on going to trial. Collins, supra, citing Hill, supra at 59. Burgess has not only failed to show such prejudice, he has completely ignored this requirement in his affidavits, never once mentioning that he would have insisted on a trial but for the inadequate performance of his attorneys. Although he does make that assertion in his appellate brief, in that form it is argument, not evidence, and cannot overcome his statements at the Crim.R. 11 hearing that his pleas were entered voluntarily and absent any promises or threats from anyone.
Finally, we note that, although denied in Burgess' reply brief, the State correctly points out that the agreement Burgess seeks to have enforced was with the police officers of the Greene County Drug Task Force. "Police officers have no authority to enter into plea-bargain negotiations with a person accused of crime, and such a plea-bargain agreement is unenforceable and of no effect * * *." State v. Fulton (1990), 66 Ohio App.3d 215,218; State v. Mathews (1982), 8 Ohio App.3d 145, 146. Thus, any agreement Burgess had with the drug task force officers was unenforceable against the State. Furthermore, in the Crim.R. 11 colloquy with the trial court, Burgess acknowledged it was his understanding that he could be sentenced to up to ten and one half years as a consequence of his guilty plea, that his guilty pleas were voluntarily entered, and that there was no plea agreement in his case. His statements in his affidavit to the contrary, for which he offers no competent evidentiary support, carry less probative weight than his colloquy with the court. Kappers, supra
at 38.
For the foregoing reasons, we conclude the trial court's grant of summary judgment in favor of the State was proper. Under Civ.R. 56(E), the competence of the evidence offered in support of Burgess' petition for post-conviction relief was questionable at best, and Burgess failed to demonstrate errors on his attorneys' part or resulting prejudice as required by Jackson, supra. Therefore, Burgess failed to bring forth operative facts showing substantive grounds for relief, and we consequently overrule his first and second assignments of error.
III.
Trial court erred to the prejudice of the Appellant where the trial court did not order an evidentiary hearing upon the allegations of Appellant, which were not disputed from the record, demonstrating sufficient operative facts, raising substantive issues concerning the involuntary nature of Appellant's guilty plea, rendering the conviction void or voidable under the Ohio and United States Constitution[s].
In his third assignment of error, Burgess claims he was entitled to an evidentiary hearing on his petition for post-conviction relief. We found above, however, that the trial court properly granted summary judgment to the State which implicitly includes a determination that there were no grounds for an evidentiary hearing. Thus, Burgess' third assignment of error is unavailing, and is overruled.
Having found no merit to any of Burgess' three assignments of error, we affirm the judgment of the trial court.
WOLFF, J. and FAIN, J., concur.
Copies mailed to:
Robert K. Hendrix, Gary S. Burgess, Jr., Hon. M. David Reid