OPINION
{¶ 1} Appellant, the state of Ohio, appeals the decision of the Butler County Court of Common Pleas granting the motion of defendant-appellee, David Williams, to reinstate a plea offer. We affirm the trial court's decision.
 {¶ 2} Appellant was indicted for trafficking in cocaine in an amount exceeding 100 grams, a violation of R.C. 2925.03(A), and for possession of cocaine in the same amount, a violation of R.C.2925.11(A). Both charges are second-degree felonies. See R.C.2925.03(C)(4)(e) and R.C. 2925.11(C)(4)(d). Prior to trial, the state tendered a plea offer in which it would reduce the charges to fourth degree felony charges of possession of cocaine and trafficking in cocaine and recommend a 17-month sentence in exchange for appellant's guilty plea.
 {¶ 3} Appellant declined the offer and the matter proceeded to trial. A jury found appellant guilty of the second-degree felony charges of possession of cocaine and trafficking in cocaine and he was sentenced to four-year prison terms on each count, to be served concurrently. He appealed, and this court reversed the convictions, finding that appellant was prejudiced by the false and misleading testimony of a police officer called as a state's witness. In reversing, this court noted that:
 {¶ 4} "[the officer's] false testimony at the suppression hearing created the impression that the defense could easily prove reasonable doubt * * *. [The] false and misleading testimony led defense counsel to believe that he had a stronger case than he did, thereby causing defense counsel to overlook defense strategies he might otherwise have pursued, or to pass over plea bargains he might otherwise have accepted. In particular, we note that defense counsel represented, and the prosecutor did not dispute, that the state offered [appellant] a deal, which he subsequently rejected, whereby [appellant] would have been given a 17-month sentence in exchange for a guilty plea. Such a sentence would have been less than half of what Williams eventually received."
 {¶ 5} This court consequently remanded the matter for a new trial. On remand, the state refused to make the same plea offer it had made prior to the first trial. Appellant then filed a motion seeking to compel the prosecution to reinstate the plea offer. The trial court granted the motion after a hearing, concluding that the state had failed to rebut the presumption that the failure to re-offer the plea offer was the result of prosecutorial vindictiveness. See Turner v. Tennessee (C.A.6, 1991), 940 F.2d 1000, syllabus (where a criminal defendant's convictions are reversed on appeal and the matter remanded for new trial, the "prosecution may rescind its original plea offer only upon overcoming a presumption of vindictiveness"); see, also, Magana v. Hofbauer (C.A.6, 2001), 263 F.3d 542 (where criminal defendant had constitutionally deficient counsel reinstatement of plea offer was appropriate remedy, and any plea offer by the prosecution "in excess of the original offer must overcome a rebuttable presumption of prosecutorial vindictiveness").
 {¶ 6} The trial court advised the state that it would dismiss the charges against appellant if the state failed to tender the original plea offer. The state complied and, as earlier, offered appellant the opportunity to plead guilty to fourth degree felony charges of trafficking in cocaine, and possession of cocaine, with a recommendation that he serve a 17-month prison term. Appellant agreed and entered a guilty plea to the reduced charges. The prosecutor participated in the plea hearing, signed the plea form, and when the trial court inquired, offered no objection to the plea or reason that sentence should not be imposed. Appellant was convicted of the fourth-degree felony charges and sentenced to a 17-month prison term.
 {¶ 7} The state appeals, raising a single assignment of error:
 {¶ 8} "The trial court exceeded its authority when, on remand, it granted [appellant's] motion to re-instate a plea offer that he had rejected and the state had withdrawn before trial."
 {¶ 9} Generally, the enforcement of plea negotiations is a matter "lying within the sound discretion of the trial court." State v. Fulton (1990), 66 Ohio App.3d 215, 217. Depending on the circumstances, the trial court may order "either rescission or specific performance; that is, either allowing withdrawal of the negotiated plea or requiring the state to fulfill its end of the bargain." Id., quoting State v. Mathews (1982),8 Ohio App.3d 145, 146.
 {¶ 10} We have reviewed the record in light of each of the state's contentions, and conclude that the trial court did not abuse its discretion in granting the motion to reinstate the plea offer. This court reversed appellant's original convictions in part because the false and misleading testimony of the officer caused appellant "to pass over plea bargains he might otherwise have accepted." Where, as in this case, a reversible error deprives a defendant of the opportunity to accept a plea offer, the appropriate remedy is to return him to the position he was in prior to the error, and ordinarily will require reinstating the original plea offer. United States v. Blaylock (C.A. 9, 1994),20 F.3d 1458, 1468; see, also, Turner.
 {¶ 11} We are further compelled to find that the state's assent to the plea agreement and voluntary participation in the plea process precludes the state from now challenging the trial court's decision granting the motion to reinstate the plea offer. See, e.g., United States v. Broce (1989), 488 U.S. 563,109 S.Ct. 757; State v. Fitzpatrick, 102 Ohio St.3d 321,2004-Ohio-3167, ¶ 78, (participation in guilty plea waives all nonjurisdictional defects in the proceedings); State v. Monroe,105 Ohio St.3d 384, 2005-Ohio-2282, ¶ 55 (failure to raise objection at trial level results in waiver of issue on appeal). While the state could have sought leave to appeal the trial court's decision or appealed the dismissal of the charges, it instead actively participated in the plea and plea hearing. The state was provided an opportunity to lodge its objection to the plea at the plea hearing. Rather than do so, it acquiesced in the terms of the plea agreement, and remained silent when asked by the trial court if there were any reason that sentence should not be imposed. We consequently overrule the assignment of error.
 {¶ 12} Judgment affirmed.
Powell, P.J., and Bressler, J., concur.