DECISION AND JUDGMENT
{¶ 1} This matter is before the court on the judgment of the Fulton County Court of Common Pleas, wherein, following a plea of guilty, appellant, Felipe Garcia, Jr., was found guilty on one count of trafficking in cocaine, in violation of R.C. 2925.03(A)(1), and sentenced to serve eight months in prison, with his driver's license suspended for a period of 12 months. For the reasons that follow, we affirm the judgment of the trial court. *Page 2 
 {¶ 2} On June 26, 2007, appellant entered his guilty plea. The matter was then referred to the Adult Probation Department for a presentence report, and the matter was continued to August 13, 2007 for sentencing.
 {¶ 3} According to appellant, between the time he entered his plea on June 26, 2007 and the time he was sentenced on August 13, 2007, promises were made to him by the Wauseon Police Department. Specifically, appellant claims that he was promised by the Wauseon police that if he helped them make seven to eight controlled drug purchases, a police officer would attend appellant's sentencing hearing and speak on his behalf. In addition, appellant believed that, as a result of his assisting the police, the Wauseon Police Department would ask the judge to place appellant on community control.
 {¶ 4} At the sentencing hearing held on August 13, 2007, the prosecutor informed the court that appellant, at the request of the Wauseon Police Department, had worked as a police informant, participating in seven to eight controlled drug purchases. The prosecutor further stated that, despite appellant's assistance to the Wauseon Police Department, it was the state's position that a prison term was appropriate in this case. No police officers from the Wauseon Police Department appeared on appellant's behalf. As indicated above, appellant was ultimately sentenced to an eight month prison term.
 {¶ 5} Appellant's counsel has submitted a request to withdraw pursuant to Anders v. California (1967), 386 U.S. 738, which sets forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue. Pursuant to Anders, if counsel, after a conscientious examination of the case, determines *Page 3 
it to be wholly frivolous he should so advise the court and request permission to withdraw. Id. at 744. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. In addition, counsel must furnish his client with a copy of the brief and request to withdraw and must allow the client sufficient time to raise any matters that he or she chooses. Id. Once these requirements have been satisfied, the appellate court must conduct a full examination of the proceedings held below in order to determine whether the appeal is, in fact, frivolous. Id. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and may dismiss the appeal without violating constitutional requirements, or it may proceed to a decision on the merits if state law so requires. Id.
 {¶ 6} In the instant case, appellant's counsel represents that, after carefully reviewing the transcript consisting of the record on appeal, and after researching case law and statutes relating to potential issues, he was unable to find any meritorious appealable issues. He does, however, set forth the following potential assignments of error:
 {¶ 7} I. "THE TRIAL COURT ERRED IN ACCEPTING APPELLANT'S PLEA OF NO CONTEST [SIC] BECAUSE IT WAS NOT MADE KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY."
 {¶ 8} II. "THE TRIAL COURT ERRED BY FAILING TO HONOR, ENFORCE, OR INQUIRE FURTHER INTO THE ALLEGED PROMISES MADE TO THE APPELLANT BY THE WAUSEON POLICE DEPARTMENT." *Page 4 
 {¶ 9} Appellate counsel additionally represents that, concurrent with the filing of his motion to withdraw, he mailed a copy of his brief to appellant.
 {¶ 10} We find that, in the case before us, appellate counsel has satisfied the requirements set forth in Anders, supra. Further, appellant has not filed a pro se brief or otherwise responded to counsel's request to withdraw. Accordingly, we shall proceed with an examination of the potential assignments of error set forth by appellate counsel and of the entire record below to determine whether this appeal lacks merit and is, therefore, wholly frivolous.
 {¶ 11} The first potential assignment of error concerns whether appellant's guilty plea was made knowingly, intelligently, and voluntarily. To answer this question, we must determine whether the trial court adequately protected appellant's constitutional and nonconstitutional rights, as set forth in Crim. R. 11(C). State v.Eckles, 173 Ohio App.3d 606, 2007-Ohio-6220, ¶ 7, citing State v.Nero (1990), 56 Ohio St.3d 106.
 {¶ 12} Crim. R. 11(C) relevantly provides:
 {¶ 13} "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 14} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing. *Page 5 
 {¶ 15} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 16} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself." Crim. R. 11(C)(2).
 {¶ 17} The requirements listed in Crim. R. 11(C)(2)(c) are constitutional, and require strict compliance. State v. Eckles, supra, at ¶ 7. The requirements listed in Crim. R. 11(C)(2)(a) and (b) are nonconstitutional, and require only substantial compliance. Id. at ¶ 43. As stated by the Supreme Court of Ohio in State v. Nero (1990),56 Ohio St.3d 106, "Substantial compliance means that under the totality of the circumstances the defendant substantially understands the implications of his plea and the rights he is waiving." Id. at 108.
 {¶ 18} In the instant case, the record reflects that the trial court addressed appellant personally, ensured that he had no difficulties understanding the English language, inquired of his age, educational background and his understanding of the proceedings and the effects of his plea. In addition, the court explained the nature of the charge, the maximum penalty, the effects of a guilty plea, the court's right to proceed directly with *Page 6 
judgment and sentencing, and each of the constitutional rights being waived. At all times, appellant indicated orally his understanding of the proceedings, what was being explained to him, and the rights he waived by entering a plea of guilty.
 {¶ 19} When the trial court asked appellant whether the terms recited on the record were the complete terms of the agreement, appellant answered in the affirmative. And when the court asked appellant whether anybody had promised him anything else in return for his guilty plea or whether anybody had threatened him to get him to enter the guilty plea, appellant answered, "No."
 {¶ 20} Appellant's rights were reviewed with counsel prior to entering the plea, counsel was present with appellant when these rights were being explained to him in open court, and counsel was present when the plea form was executed.
 {¶ 21} Upon our review of the record, we find that appellant was adequately advised of all of his rights, both constitutional and nonconstitutional, pursuant to Crim. R. 11(2), and that he knowingly, intelligently, and voluntarily entered his guilty plea. Accordingly, we find that counsel for appellant correctly determined that there was no meritorious appealable issue present with respect to the first potential assignment of error.
 {¶ 22} The second potential assignment of error concerns whether the trial court erred in failing to honor, enforce, or inquire into the alleged promises made by the Wauseon Police Department to appellant. We begin with the observation that, even if true, nothing in the record supports appellant's claims that the Wauseon police promised *Page 7 
to speak on appellant's behalf at sentencing and to recommend that the trial court place him on community control in exchange for appellant's help.
 {¶ 23} Further, Ohio law is clear that:
 {¶ 24} "Police officers have no authority to enter into plea-bargain negotiations with a person accused of crime, and such a plea-bargain agreement is unenforceable and of no effect * * *." State v.Mathews (1982), 8 Ohio App.3d 145, 146; see, also, State v. Fulton
(1990), 66 Ohio App.3d 215, 218 (holding that plea bargain agreements entered into by police officers are unenforceable and inappropriate).
 {¶ 25} Since police officers do not have the authority to bind the state by entering into a plea agreement with a defendant, it follows that neither do they have the authority to modify a plea agreement that has already been entered into. As such, even if appellant's allegations pertaining to the Wauseon Police Department are true, they have no bearing on the previously-entered plea agreement. Accordingly, we find that counsel for appellant correctly determined that there was no meritorious appealable issue present with respect to the second potential assignment of error.
 {¶ 26} Upon our own independent review of the record, we find no other grounds for a meritorious appeal. This appeal is, therefore, found to be without merit and wholly frivolous. Appellate counsel's motion to withdraw is found well-taken and is hereby granted.
 {¶ 27} The judgment of the trial court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in *Page 8 
preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Fulton County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., William J. Skow, J., CONCUR. *Page 1