DECISION AND JUDGMENT
{¶ 1} This case is before the court on appeal from a judgment of the Lucas County Court of Common Pleas, wherein appellant, Robert L. Harrison, pled guilty to one count of possession of crack cocaine, a violation of R.C. 2925.11(A) and (C)(4)(d), a felony of the second degree. Appellant was sentenced to a mandatory three years in prison and ordered to pay a mandatory fine of $7,500 (All but $330 of this fine was *Page 2 
waived due to appellant's indigency). The court below also suspended appellant's motor vehicle driver's license for a period of four years.
 {¶ 2} Appellant was appointed counsel for the purposes of this appeal. Appellant's counsel, however, submitted a motion to withdraw pursuant toAnders v. California (1967), 386 U.S. 738. Under Anders, if counsel, after a conscientious examination of the case, determines it to be wholly frivolous, he or she must advise the court of the same and request permission to withdraw. Id. at 744. This request must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also furnish his or her client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that he chooses. Id. Once these requirements are satisfied, the appellate court is required to conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. Id. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating any constitutional requirements or may proceed to a decision on the merits if state law so requires. Id.
 {¶ 3} In the case before us, appointed counsel for appellant satisfied the requirements set forth in Anders. Although notified, appellant never raised any matters for our consideration. Accordingly, we shall proceed with an examination of the arguable assignments of error set forth by counsel for appellant, and of the entire record *Page 3 
below, in order to determine whether this appeal lacks merit and is, therefore, wholly frivolous.
 {¶ 4} Counsel for appellant asserts, in compliance with the mandatesof Anders, two proposed assignments of error:
 {¶ 5} "APPELLANT'S PLEA SHOULD BE SET ASIDE BECAUSE IT WAS NOT MADE KNOWINGLY, VOLUNTARILY OR INTELLIGENTLY.
 {¶ 6} "THE TRIAL COURT ERRED BY IMPOSING AN EXCESSIVE SENTENCE REGARDING INCARCERATION."
 {¶ 7} A waiver of a defendant's constitutional right to trial must be knowing, intelligent, and voluntary. State v. Engle (1996),74 Ohio St.3d 525. Crim. R. 11 provides, in pertinent part:
 {¶ 8} "(C) Pleas of guilty and no contest in felony cases
 {¶ 9} "(1) * * *.
 {¶ 10} "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 11} "(a) Determining that the defendant is making the plea voluntarily, with the understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing. *Page 4 
 {¶ 12} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 13} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 14} Substantial compliance is sufficient when determining whether a defendant waived those nonconstitutional rights set forth in Crim. R. 11(C)(2)(a) and (b), State v. Nero, (1990), 56 Ohio St.3d 106, 108. Nevertheless, the rights enumerated in Crim. R. 11(C)(2)(c) are constitutional and require strict compliance. State v. Garcia, 6th Dist. No. F-07-018, 2008-Ohio-4284, ¶ 17.
 {¶ 15} In the present case, a review of the June 14, 2007 guilty plea hearing reveals that the trial judge fully satisfied all of the requisites of Crim. R. 11(C)(2) during her plea colloquy with appellant. She first ascertained that: (1) appellant was not under the influence of any drugs, illegal or otherwise, or alcohol; (2) he was 22 years of age; (3) he "just graduated;" and (4) he was a citizen of the United States. The judge then discussed each of the nonconstitutional and constitutional rights that appellant was waiving and inquired extensively as to whether he understood those rights and was *Page 5 
voluntarily waiving the same. Appellant responded that he did understand and was waiving those rights. Furthermore, the court had appellant and his attorney review the guilty plea form reiterating the waiver of all these rights, and appellant signed that document. Accordingly, appellant's first proposed assignment of error lacks merit.
 {¶ 16} In his second proposed assignment of error, appellant claims, in essence, that the trial court abused its discretion in imposing a mandatory three years in prison, rather than the mandatory two year sentence recommended by appellee, the state of Ohio, and discussed at appellant's Crim. R. 11 hearing.
 {¶ 17} Trial courts have full discretion to impose a prison sentence within the statutory range. State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, paragraph seven of the syllabus. Consequently, an appellate court will not reverse a trial court's judgment on sentencing unless the court's attitude in reaching that decision was arbitrary, unreasonable, or unconscionable. See State v. Adams (1980),62 Ohio St.2d 151, 157 (citations omitted). The statutory range for a second degree felony is one to eight years. R.C. 2929.14(A)(2). A violation of R.C. 2925.11(A) and (C)(4)(d) is a drug offense of the second degree. R.C. 2929.13(F)(5) requires the imposition of a mandatory prison term for a conviction of a first, second, or third degree drug offense. Thus, the trial court had the discretion to impose a mandatory prison term on appellant of one to eight years.
 {¶ 18} In the case under consideration, the trial court did discuss accepting appellee's recommendation and imposing only a mandatory two year sentence in prison on appellant. Appellant's supervised recognizance bond was then continued until the *Page 6 
sentencing hearing, but appellant was ordered to comply with the terms of that bond by reporting to his "pretrial officer" twice weekly and by appearing for the scheduled sentencing hearing. Under the bond, appellant was also ordered to submit to drug testing and to refrain from drinking any alcohol. The trial judge warned appellant that if he violated any of the conditions of his release on bond, she would not follow appellee's recommendation.
 {¶ 19} At appellant's sentencing hearing, held on July 12, 2007, the court first observed that appellant violated the terms of his bond because he tested positive for the use of illicit drugs on July 9, 2007. Appellant also admitted that he used illicit drugs between the time of the guilty plea hearing and the sentencing hearing. The judge therefore informed appellant that she was no longer bound to accept the appellee's recommendation on sentencing and imposed the three year mandatory sentence. Based upon the foregoing, we cannot say that the trial court's attitude in imposing that sentence was arbitrary, unreasonable, or unconscionable. Accordingly, appellant's second proposed assignment of error is meritless.
 {¶ 20} After engaging in further independent review of the record, we find that there are no other grounds for a meritorious appeal. This appeal is therefore determined to be wholly frivolous. Appointed counsel's motion to withdraw is found well-taken and is hereby granted.
 {¶ 21} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for *Page 7 
the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4. *Page 1