[Cite as *State v. Pittman*, 2016-Ohio-617.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                                      Court of Appeals No. L-15-1043

      Appellee                                            Trial Court No. CR0201402571

v.

Steven Pittman                                              **DECISION AND JUDGMENT**

      Appellant                                           Decided: February 19, 2016

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Ernest E. Bollinger, for appellant.

* * * * *

**JENSEN, P.J.**

**{¶ 1}** Defendant-appellant, Steven Pittman, appeals the February 23, 2014 judgment of the Lucas County Court of Common Pleas convicting him of trafficking in cocaine and possession of heroin. For the reasons that follow, we affirm the trial court's judgment.

# I.  Background

{¶ 2} On June 18, 2013, Steven Pittman sold a controlled substance to Detective Jeremy Carey, a detective working undercover for the Toledo police department's metro drug task force.  Pittman was arrested and interrogated by Detective Cruz Gomez at the police station.  Pittman denied selling the drugs and insisted that they belonged to Carey.  Gomez then informed Pittman that Carey was actually an undercover officer, and he brought Carey into the room.

{¶ 3} The detectives spoke with Pittman about a possible arrangement whereby Pittman could avoid prosecution in exchange for providing the detectives with information about other area drug dealers and suppliers.  They explained to Pittman that this would require him to keep in contact with the officers and refrain from committing any further crimes.  As a caveat, however, Detective Carey advised Pittman, "We're not the prosecutor, we're not the judge, we don't make the decisions, that we can agree to help you [sic]."  Pittman indicated a willingness to cooperate.

{¶ 4} There is conflicting testimony as to Pittman's cooperation with the officers.  Pittman maintains that he remained in contact with the officers and followed their instructions.  He insists that information he shared led to the convictions of two area criminals.  According to the detectives, however, Pittman gave them no usable information and became unreachable by phone.  They also had information that he continued to sell drugs.  The detectives eventually concluded that Pittman would not help

2.

them as an informant. Charges were filed and an arrest warrant was issued September 30, 2014. Pittman initially pled not guilty to the charges.

{¶ 5} On December 10, 2014, Pittman filed a motion to enforce agreement, claiming that the detectives breached their agreement not to prosecute in exchange for his cooperation. The court conducted an evidentiary hearing on December 18, 2014, at which Carey, Gomez, and Pittman testified. Following the hearing, the trial court denied Pittman's motion, primarily because it found the detectives' testimony more credible than Pittman's.

{¶ 6} On February 23, 2015, Pittman withdrew his previous plea, and pled no contest to Counts 5 and 10 of the indictment, trafficking in cocaine, a violation of R.C. 2925.03(A)(1) and (C)(4)(f), and possession of heroin, a violation of R.C. 2925.11(A) and (C)(6)(d). He was found guilty and sentenced to five years' incarceration. Pittman now appeals and assigns the following errors for our review:

I. THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION TO ENFORCE AGREEMENT.

II. DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.

3.

## II. Law and Analysis

### A. Appellant's First Assignment of Error

{¶ 7} In his first assignment of error, Pittman claims that the detectives breached their agreement not to prosecute him for the June 18, 2013 offenses. He contends that the trial court erred in denying his motion to enforce the agreement.

{¶ 8} There are three recognized types of non-prosecution agreements. *State v. Parris*, 6th Dist. Ottawa No. OT-14-015, 2014-Ohio-4863. The first is a negotiated plea agreement, also known as a plea bargain, which is not binding until it is accepted by the court. *Id.* The second is a grant of immunity that trial courts are permitted to give. *Id.* The third is a pre-indictment agreement that allows a person to provide information about a crime on the condition that he or she will not be prosecuted. *Id.* The third type of non-prosecution agreement is at issue here.

{¶ 9} After listening to the witnesses' testimony and observing their demeanors, the trial court concluded that Pittman did not perform his duties under the alleged non-prosecution agreement. As the trier of fact, the trial judge was charged with determining who was telling the truth. *State v. Hansen*, 9th Dist. Wayne No. 98CA0025, 1999 WL 194530, *2 (Apr. 7, 1999), citing *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus. In this case, the trial court found the detectives' testimony more credible than Pittman's. We find no error in the trial court's credibility determination.

4.

**{¶ 10}** In any event, there exists a more fundamental problem with the purported non-prosecution agreement. Specifically, it is well-established that police officers have no authority to enter into plea bargain agreements. *State v. Garcia,* 6th Dist. Fulton No. F-07-018, 2008-Ohio-4284, ¶ 24. The prosecutor has the sole discretion to determine whether to initiate criminal charges. *State v. Castro*, 2d Dist. Montgomery No. 14398, 1995 WL 558782, *10 (Sept. 20, 1995). This means that Detectives Carey and Gomez were without authority to make decisions regarding whether to prosecute Pittman. Thus, even if Pittman had done what the officers asked of him, there was no enforceable non-prosecution agreement.

**{¶ 11}** We find Pittman's first assignment of error not well-taken.

### B. Appellant's Second Assignment of Error

**{¶ 12}** In his second assignment of error, Pittman asserts that he received ineffective assistance of counsel. He argues that trial counsel should have provided documentation of the convictions that Pittman allegedly assisted in securing. He also argues that the examination of the detectives should have been executed differently.

**{¶ 13}** In order to establish a claim for ineffective assistance of counsel, the appellant must show that counsel's performance fell below an objective standard of reasonableness and that he was prejudiced to a degree that deprived him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 699-692, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The appellant must prove "a reasonable probability that, but for counsel's errors, the proceeding's result would have been different." *State v. Hale*, 119 Ohio St.3d 118,

5.

2008-Ohio-3426, 892 N.E.2d 864, ¶ 204, citing *Strickland* at 687-88. Because there are multiple ways to provide effective counsel in each case, judicial scrutiny of counsel's performance is highly deferential. *Strickland* at 687-88.

{¶ 14} Regardless of whether trial counsel erred by failing to provide evidence of the convictions allegedly aided by Pittman, Pittman has failed to show a reasonable probability that the outcome of his case would have been different. Even if there was evidence supporting Pittman's claims that he successfully assisted the police department as an informant, his agreement with the police detectives was not legally binding.

{¶ 15} Pittman's argument that trial counsel should have conducted the examination of the detectives differently also fails. There are many techniques trial counsel may use during examination, and even the very best defense attorneys would not all utilize the same technique. *Id*. at 689. There is no reason to believe that trial counsel's examination fell below an objective standard of reasonableness. *Id.* at 689.

{¶ 16} We find Pittman's second assignment of error not well-taken.

### III. Conclusion

{¶ 17} We find Pittman's assignments of error not well-taken and we affirm the February 23, 2014 judgment of the Lucas County Court of Common Pleas. The costs of this appeal are assessed to Pittman under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J. _____

_____
JUDGE

Stephen A. Yarbrough, J. _____

_____
JUDGE

James D. Jensen, P.J. _____
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.