[Cite as *State v. Snider*, 2016-Ohio-1576.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SHELBY COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    CASE NO. 17-15-08

    v.

KENNETH W. SNIDER,

    O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Shelby County Common Pleas Court
Domestic Relations Division
Trial Court No. 15-CR-000049

**Judgment Affirmed**

**Date of Decision:   April 18, 2016**

APPEARANCES:

    *Jim R. Gudgel* **for Appellant**

    *Brandon W. Puckett* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant, Kenneth Snider, brings this appeal from the judgment of the Common Pleas Court of Shelby County, Ohio, accepting his plea of guilty to one count of attempted felonious assault, a felony of the third degree in violation of R.C. 2923.02 and 2903.11(A)(2), and sentencing him to thirty months in prison. For the reasons that follow, we affirm the trial court's judgment.

### *Procedural Background*

{¶2} On February 26, 2015, a two-count indictment was filed against Snider in the trial court case number 15CR000049. The indictment charged Snider with one count of kidnapping, a felony of the first degree in violation of R.C. 2905.01(A)(3), and one count of felonious assault, a felony of the second degree in violation of R.C. 2903.11(A)(2). (R. at 1.) Snider pled not guilty. (R. at 11.) It is apparent from the record that at the time of the proceedings in this case, Snider had another case pending in the Shelby County Common Pleas Court, labeled as 15CR000099. Although that case is not on appeal before us, we make references to it in our opinion due to the fact that certain trial court proceedings for both cases were held together and both cases were referenced by the parties and the trial court.

{¶3} On May 14, 2015, Snider entered a plea agreement with the State. The State agreed to dismiss the kidnapping charge and amend the charge of felonious assault, a felony of the second degree, to a count of attempted felonious

assault, a felony of the third degree. In exchange, Snider agreed to plead guilty to the amended charge of attempted felonious assault. (*See* R. at 42-43; Tr. of Proceedings at 3-4, May 14, 2015.) The petition to enter a plea of guilty, which was signed by Snider and his attorney, indicated that the State was to recommend concurrent sentencing with respect to Snider's conviction in case number 15CR000099, *and otherwise remain silent at sentencing*. (R. at 42.) At the change of plea hearing, however, the State only indicated that it would "enter into a joint recommendation with respect to the handling of sentencing." (Tr. at 4.) During the hearing the trial court asked Snider, "Other than what's been said in open court today, has anyone promised you anything to cause you to enter this plea of guilty?" Snider responded in the negative. (*Id.* at 9.) The judgment entry, acceptance of guilty plea, filed on the same day and signed by the trial court, Snider, Snider's attorney, and the prosecuting attorney, does not refer to any agreement with respect to sentencing. (R. at 43.)

{¶4} The sentencing hearing took place on July 7, 2015. During that hearing, both Shelby County cases pending against Snider were addressed. (*See* Tr. of Proceedings, July 7, 2015.) After Snider and his counsel had made their statements, the prosecuting attorney made comments, stating that he "was a little surprised to hear the comments coming from Mr. Snider today." (*Id.* at 7.) After briefly summarizing the extent of Snider's offenses, the prosecuting attorney stated, "Your Honor, given his history, we believe that prison time is appropriate

and the State is asking for three years of prison time, sir." (*Id.* at 7-8.) Snider's counsel immediately asserted that according to the agreement of the parties, the State was to "recommend concurrent sentence, but otherwise remain silent as part of the plea agreement." (*Id.* at 8.) The prosecuting attorney responded, "I—my notes say that—if that's the case, my notes don't reflect that, sir. My—notes just indicate that there was a concurrent recommendation." (*Id.*)

**{¶5}** As a result of the exchange, Snider's counsel suggested that the plea agreement had been violated. (*Id.* at 9.) He further stated, "I suppose I would need a minute to consult with my client to ask him if he wants to now withdraw his plea or we could ask the Court perhaps to—to disregard the remarks of the Prosecutor in forming its sentence." (*Id.* at 9.) Upon reviewing some further documentation, the prosecuting attorney conceded that the State was to remain silent with respect to sentencing and apologized for his mistake. (*Id.*) The trial court then stated that it was "prepared to disregard the statements" made by the prosecuting attorney. (*Id.* at 10.) It then stated that the prosecuting attorney's comments had no impact on the sentence it intended to impose because "the court has had a chance to review [the case] in detail." (*Id.* at 10.)

**{¶6}** Snider did not move to withdraw the plea at this time and the trial court sentenced him to thirty months in prison.[1] (*Id.* at 12; R. at 56.) He filed a

---

[1] Although the trial court also pronounced a sentence in case 15CR000099 and ordered it to be served consecutively to the sentence in the instant case, that part of the sentencing is not before us on appeal because the appeal was taken from case 15CR000049 only.

notice of appeal on August 17, 2015, requesting delayed appeal and the appointment of counsel. (R. at 71-77.) We granted Snider's motion for delayed appeal on September 10, 2015.[2] The assignments of error before us read as follows.

> **I. THE DEFENDANT WAS DENIED DUE PROCESS DUE TO THE PROSECUTOR'S FAILURE TO HONOR THE PLEA AGREEMENT ENTERED INTO ON MAY 14, 2015.**
>
> **II. THE DEFENDANT WAS DENIED EFFECTIVE ASSISTNACE [sic] OF COUNSEL WHEN THE DEFENDANT'S ATTORNEY FAILED TO REQUEST A WITHDRAWAL FO [sic] THE DEFENDANT'S PLEA BASED ON THE PROSECUTOR'S STATEMENTS.**

*First Assignment of Error—Failure to Honor the Plea Agreement*

{¶7} Snider alleges that the State breached the plea agreement and therefore, he was denied due process of law at the sentencing hearing. Of note, although Snider generally asserts prejudice stemming from the State's alleged violation, he does not claim that the State's comments resulted in a harsher sentence or that they affected the trial court's decision in any way.

{¶8} We have previously held that "when a guilty plea 'rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.'

---

[2] On October 19, 2015, Snider moved to withdraw his guilty plea, asserting that the State breached the plea agreement when it spoke at sentencing. (R. at 91.) This motion was dismissed by the trial court, which found that it lacked jurisdiction to consider the motion as a result of the appeal currently pending. (Decision/Order Dismissing for Lack of Jurisdiction, Oct. 29, 2015.) This ruling of the trial court is not challenged on appeal.

" *State v. Crump*, 3d Dist. Logan No. 8-04-24, 2005-Ohio-4451, ¶ 10, quoting *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); *accord State v. McGinnis*, 3d Dist. Van Wert No. 15-08-07, 2008-Ohio-5825, ¶ 5. The state's failure to abide by the terms of the plea agreement entitles the defendant to either specific performance or to withdrawal of his or her guilty plea. *Crump* at ¶ 10; *State v. Bonner*, 3d Dist. Defiance No. 4-04-05, 2004-Ohio-6043, ¶ 16. The choice of a remedy upon a breach of the plea agreement rests within the sound discretion of the trial court. *State v. Fulton*, 66 Ohio App.3d 215, 217, 583 N.E.2d 1088 (3d Dist.1990).

{¶9} In the instant case, we need not determine whether the breach of the plea agreement actually occurred in order to resolve the issues on appeal. It appears that the alleged breach was remedied when the State apologized for the purported mistake and the State's comments were disregarded by the trial court. This had the same effect as enforcing specific performance of the plea agreement by the State. Snider does not demonstrate or even allege that this remedy was insufficient or that it was an abuse of discretion.

{¶10} We additionally recognize that the trial court imposed a sentence that was lower than the State's "recommendation" of three years in prison. Therefore, we reject Snider's allegations of prejudice that are unsupported by any legal argument or citations to the record.

{¶11} For the foregoing reasons, we overrule the first assignment of error.

***Second Assignment of Error—Ineffective Assistance of Counsel***

**{¶12}** In the second assignment of error Snider alleges that his trial counsel was ineffective for failure to request a withdrawal of his guilty plea based on the State's alleged breach of the plea agreement. In order to prevail on a claim of ineffective assistance of counsel, a criminal defendant must first show that the counsel's performance was deficient in that it fell "below an objective standard of reasonable representation." *State v. Keith*, 79 Ohio St.3d 514, 534, 684 N.E.2d 47 (1997). Second, the defendant must show "that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial." *Id.*, citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order to demonstrate prejudice, the defendant must prove a reasonable probability that the result of the proceedings would have been different but for his or her counsel's errors. *Id.* In applying these standards, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *State v. Cassano*, 96 Ohio St.3d 94, 2002-Ohio-3751, 772 N.E.2d 81, ¶ 108, quoting *Strickland* at 669. Therefore, the court must be highly deferential in its scrutiny of counsel's performance. *State v. Walker*, 90 Ohio App.3d 352, 359, 629 N.E.2d 471 (3d Dist.1993), quoting *Strickland* at 689.

**{¶13}** In the record before us, there is no evidence that Snider's trial counsel acted deficiently by failing to move to withdraw the guilty plea. We have

recently addressed a similar issue in *State v. Panning*, 3d Dist. Van Wert No. 15-14-05, 2015-Ohio-1423, where we analyzed:

> In the instant case, * * * there is no evidence that Panning had ever asked attorney Gordon to move for a withdrawal of his guilty plea. * * * Without any evidence that Panning had, at any point, requested that his plea be withdrawn and that his counsel ignored the request, we cannot find that attorney Gordon's assistance fell "below an objective standard of reasonable representation" for failure to move for the plea withdrawal. *Keith,* 79 Ohio St.3d at 534, 684 N.E.2d 47. Accordingly, Panning has failed to satisfy the first prong of the test for ineffective assistance of counsel.

*Id.* at ¶ 11. In *Panning* we further noted that the defendant presented no evidence that had his counsel moved to withdraw the plea, the court would have allowed the motion. *Id.* at ¶ 12. Accordingly, he failed to satisfy the prejudice element of the *Strickland* test and his claim failed. *Id.*

{¶14} The instant case calls for the same conclusion as the one we reached in *Panning*. There are no allegations that Snider wanted to withdraw his plea based on the State's comments prior to sentencing. The record indicates that Snider's attorney raised the issue and there is no indication that Snider requested the remedy of withdrawal over specific performance. Although Snider now criticizes his trial counsel for not moving to withdraw the plea, there is nothing in the record to suggest that had his counsel made the motion, the trial court would have granted the withdrawal when an alternative remedy of specific performance was available upon the trial court's discretion. Additionally, as we concluded above, Snider was not prejudiced by the alleged breach, which is the only basis

under which he asserts his counsel should have requested the plea withdrawal. Therefore, Snider's claim of ineffective assistance of counsel fails on both prongs of the *Strickland* test.

**{¶15}** For the foregoing reasons, we reject Snider's contention that his trial counsel was ineffective for failure to move to withdraw his guilty plea and we overrule the second assignment of error.

### *Conclusion*

**{¶16}** Having reviewed the arguments, the briefs, and the record in this case, we find no error prejudicial to Appellant in the particulars assigned and argued. The judgment of the Common Pleas Court of Shelby County, Ohio is therefore affirmed.

*Judgment Affirmed*

**PRESTON and ROGERS, J.J, concur.**

**/hls**